(Decided 15th March, 1887.)

THE BALTIMORE AND OHIO RAILROAD COMPANY *vs.*
ROBERT E. BOYD, EMMA E. BOYD, ELLA H. TAY-
LOR and CATLETT TAYLOR, her husband, CLARA
B. LAMBERT and ROBERT LAMBERT.   SAME *vs.*
SAME.   SAME *vs.* SAME.
ROBERT E. BOYD, and others *vs.* THE BALTIMORE
AND OHIO RAILROAD COMPANY.

*Trespass   quare   clausum   fregit—Measure   of   Damages—In-*
*structions   to   the   Jury—Indefinite   and   misleading—Prac-*
*tice—Right   of   Court   to   control   Argument   of   Counsel*
*before the Jury—Declarations made by Counsel in a former*
*case.*

In an action of trespass *quare clausum fregit*, it is not necessary in
order to entitle the plaintiff to a verdict that he should have given,

Balto. & Ohio Railroad Co. *vs.* Boyd, *et al.*

affirmative proof that he had sustained any particular amount of damages. Every unauthorized entry upon the land of another is a trespass; and whether the owner suffer substantial injury or not, he at least sustains a legal injury which entitles him to a verdict for some damages; although they may, under some circumstances, be so small as to be merely nominal.

Although there is an entire absence of any such element of wanton or malicious motives, or such reckless disregard of the rights of others, in the commission of the trespass and the repetition thereof, as would entitle the plaintiff to claim punitive or exemplary damages, yet if the land of the plaintiff has been continuously and beneficially occupied by the defendant, a railroad company, as the bed of its railroad 'tracks, for such use of the land a reasonable, but, a substantial, compensation ought to be paid.

Although there be no evidence whatever of any special damages sustained or that the plaintiff was hindered or obstructed in any proposed use of his land by reason of the presence and use of the railroad tracks, nevertheless the plaintiff is entitled to a reasonable compensation for the use of his land; and this is measured by what would be a fair rental value for the ground so occupied for the time covered by the action.

Instructions which are not sufficiently definite, and are calculated to mislead the jury, should not be given.

The right and duty of the trial Judge to interpose to restrain counsel from indulging in argument and illustrations before the jury unwarranted by the instructions of the Court, and, if unrestrained, likely to mislead the jury, is a matter that must in the nature of things, rest largely in the discretion of the trial Court.

Counsel can never be permitted to argue to the jury against the instruction of the Court, or to indulge in any line of argument or comment that would tend to induce them to disregard the instructions given for their government.

When, however, the instructions given are ambiguous, or susceptible of different interpretations, and the attention of the Court is called thereto, no matter at what stage of the trial, if before the jury have acted thereon, it at once becomes the duty of the Court to remove the ambiguity, and to make the meaning of the Court plain.

Declarations made by counsel on a former occasion in the course of a trial, while arguing the question of damages before a jury of

condemnation of the property in question, are not admissible to prove malice on the part of the defendant in order to enhance the damages.

APPEALS from the Baltimore City Court.

The case is stated in the opinion of the Court.

*Plaintiffs' First Exception* is stated in the opinion of the Court.

*Plaintiffs' Second Exception* is to the granting of the defendant's first and second prayers, which are set forth in the defendant's third exception.

*Defendant's First and Second Exceptions* are not reviewed by the Court.

*Defendant's Third Exception.*—At the trial the plaintiffs offered the three prayers following:

1. If the jury shall find the execution of the various deeds and wills, of which certified copies have been offered in evidence by the plaintiffs, and the delivery of the former; the deaths of Mordecai Gist, and of Clarissa and Philip D. Boyd; the identity of lot forty-three, mentioned in the deed from Chancellor Hanson to Mordecai Gist, with the lot designated by the same number on the two plats, proved by certified copies, and in the deeds from Mary and States Gist to Independent Gist; that the plaintiffs, Robert E. Boyd, Emma E. Boyd, Clara H. Lambert and Ella H. Taylor, are the only children of Clarissa Boyd, and the plaintiffs, Robert Lambert and Catlett Taylor, the husbands of the two lastly named, respectively; that after the year 1870, and before the death of Philip D. Boyd, the defendant corporation, without the permission or consent of the said Philip D. Boyd, or of the plaintiffs, or any of them, laid three tracks of railway across lot seventeen, in the deed from John Glenn and Robert Purviance, Jr., to Clarissa Boyd, mentioned, and that after

Balto. & Ohio Railroad Co. *vs.* Boyd, *et al.*

the death of Philip D. Boyd, and before the institution of this suit, the defendant, without the consent or permission of the plaintiffs, or any of them, caused trains of cars in large numbers to run daily over the said tracks, then under the pleadings and all the evidence in the cause, their verdict in case No. 104 must be for the plaintiffs, with such damages as will, in their judgment, amount to a fair compensation for the said unauthorized use of the said tracks.

2. If the jury shall find the facts stated in the plaintiffs' first prayer, and shall further find that between the dates of June 5th and November 14th, 1883, the defendant, without the consent of the plaintiffs, and against their wishes, continued to use the tracks therein mentioned to the same extent as previously, then under the pleadings and all the evidence in the cause, their verdict must be for the plaintiffs in case No. 30, in such amount as will, in their judgment, fully compensate the said plaintiffs for such continued and unauthorized use of the said tracks between the dates named, against the wishes of the said plaintiffs and under all the circumstances disclosed by the evidence.

3. If the jury shall find the facts stated in the plaintiffs' first and second prayers, and shall further find that between the dates of November 14th, 1883, and June 3rd, 1885, the defendant, without the consent of the plaintiffs, and against their wishes, continued to use the tracks therein mentioned, to the same extent as previously, then under the pleadings and all the evidence in the cause their verdict must be for the plaintiffs in case No. 217, in such amount as will, in their judgment, fully compensate the said plaintiffs for such continued and unauthorized use of the said tracks between the dates named, against the wishes of the said plaintiffs, and under all the circumstances disclosed by the evidence.

And the defendant offered the three following prayers:

1. That the plaintiffs have offered no evidence legally sufficient to prove that any substantial damage or injury was done to their close in the plaintiffs' declarations mentioned, by or through the wrongful acts of the defendant therein mentioned, or that the plaintiffs, as the owners of said close, suffered or sustained any substantial damage or loss from, through or by reason of the said wrongful acts of defendant; and, therefore, the plaintiffs are entitled to recover only nominal damages in this action.

2. That if the jury shall find from the evidence that the lot of ground mentioned in the declaration in the case, belonged to the plaintiffs, and that the defendant did drive its locomotive and cars over said lot of ground during the times set forth in the plaintiffs' declaration, but no substantial damage or injury was done to the plaintiffs' lot of ground by or through any act of the defendant in driving its locomotives and cars upon and over the same as aforesaid, and that the plaintiffs, as the owners of said lot of ground, suffered or sustained no substantial damage or loss from, through or by reason of the defendant's said acts, then their verdict must be in favor of the plaintiffs for nominal damages only.

3. That in estimating the damages to be recovered by the plaintiffs in this action, the jury should not include damages for the original construction of the defendant's railroad upon the lot of ground of the plaintiffs, or damages for the permanent location of said railroad thereon, but should confine their verdict to such sum as will compensate the plaintiffs for any loss or damage (if the jury shall find any) which the plaintiffs, as the owners of said lot of ground, may have sustained or suffered from or by reason of the driving of the defendant's locomotives and cars upon and over the plaintiffs' said lot, within the period of time mentioned in the declaration.

The Court (STEWART, J.) granted the three prayers of the plaintiffs, and the second and third prayers of the

defendant, and rejected the defendant's first prayer.  Defendant excepted.

The defendant also filed the following special exception to the granting of plaintiffs' prayers:

The defendant, by its attorney, excepts specially to the granting of plaintiffs' first, second and third prayers in these cases, on the ground that there has been no evidence offered legally sufficient to sustain the same.

*Defendant's Fourth and Fifth Exceptions* are sufficiently stated in the opinion of the Court.

The jury rendered a verdict for the plaintiffs, and judgment was entered accordingly.  The defendant appealed in all three cases.  And the plaintiffs appealed in one of said cases.

The causes were argued before ALVEY, C. J., STONE, MILLER, IRVING, and BRYAN, J.

*Hugh L. Bond, Jr.*, and *John K. Cowen*, for the Baltimore and Ohio Railroad Company.

*Charles J. Bonaparte*, for Robert E. Boyd, and others.

ALVEY, C. J., delivered the opinion of the Court.

The record now before us contains four appeals; three by the defendant from three several judgments against it, and one by the plaintiffs from one of those judgments.

There were three several actions of trespass *quare clausum fregit* brought by the plaintiffs below against the defendant, the Baltimore & Ohio Railroad Company, and by agreement, the three actions were tried together, but a separate verdict was rendered in each case, and, consequently, separate judgments were entered.

The first of these cases was here on a former appeal, and is reported in 63 *Md.*, 325.  The facts of that case are substantially the facts of all the present cases, so far as

the main question on these appeals is concerned; the only material difference being that the two last cases were brought to cover two successive periods of time. The *locus in quo* in all three of these actions is the same as that described in 63 *Md.*, 330; and the circumstances of the entry upon and user thereof by the defendant are there fully stated. In that case, the Court having determined, that as the defendant's entry upon and user of that portion of the lot of vacant and unimproved ground in the City of Baltimore, belonging to the plaintiffs, occupied as a bed for the tracks of its railroad, was unauthorized and therefore a wrong, the plaintiffs were entitled to recover therefor. But in view of the facts then disclosed, this Court held that the plaintiffs were not entitled to recover exemplary damages, there being no element of fraud or malice, or evil intent, on the part of the defendant, in entering upon and using the ground as it did.

In the trial of the present cases, the main subject of contest was as to the proper measure of damages to be awarded to the plaintiffs. At the request of the plaintiffs, the Court granted three prayers as instructions to the jury, as to what damages should be allowed; and, at the instance of the defendant, two other prayers were granted upon the same subject; but the first prayer offered by the defendant was refused by the Court. The plaintiffs excepted to the instructions given on the request of the defendant, and the latter excepted to the instructions given at the instance of the plaintiffs, and also to the refusal to grant its first prayer. The rulings upon the prayers are the subjects of the third bill of exception taken by the defendant, and of the second bill of exception taken by the plaintiffs.

By the first of the instructions for the plaintiffs, the jury were directed, that, upon finding the facts enumerated, their verdict, in the first case, should be for the plaintiffs, " with such damages as would, in the judgment of the

Balto. & Ohio Railroad Co. *vs.* Boyd, *et al.*

jury, amount to a fair compensation for the said unauthorized use of the said tracks." And as applicable to the second and third cases, the jury were directed, that in finding for the plaintiffs, their verdict should be for such an amount as would, "in their judgment, fully compensate the plaintiffs for such continued and unauthorized use of the said tracks, between the dates named, against the wishes of the plaintiffs, and under all the circumstances disclosed by the evidence."

By the first of the defendant's prayers, which was refused, the Court was asked to instruct the jury, that there was no evidence *legally sufficient* from which they could find that there was any substantial damage or injury done to the *locus in quo,* by the acts of the defendant, and therefore the verdict should be for *nominal* damages only. The Court, however, while refusing to require the jury to find their verdict for *nominal* damages merely, did instruct them, by granting the second prayer of the defendant, that if they found from the evidence that no substantial damage or injury was done to the plaintiffs' lot of ground, by any act or user thereof by the defendant, the verdict should be for *nominal* damages only. We do not understand that there is any question made as to the propriety of granting the defendant's third prayer by the Court.

It clearly appears, that since the death of Philip D. Boyd, in 1881, who held a life estate in the premises, the defendant in these cases has been, down to a very recent date, a *tort feasor*, in the use and continual occupancy of the *locus in quo*, as against the heirs-at-law of Mrs. Clarissa Boyd, deceased,—those heirs being plaintiffs in the present actions. It is true, the original entry into, and the construction and use of railroad tracks over, the *locus in quo*, were all supposed to be authorized by virtue of certain condemnation proceedings had under certain city ordinances for opening of streets, but which proceedings proved to be defective and insufficient to secure to the

defendant the right of way over the lot of ground in question. The defendant, therefore, was not a wilful wrong-doer. This was determined by this Court in the case reported in 63 *Md.*, 325. The lot of ground belonging to the plaintiffs was, and still remains, unenclosed, and without any improvement thereon whatever, apart from the railroad tracks placed there by the defendant. The space occupied by the road, in passing through this lot, was very small, being only about eighteen by thirty-six feet. The defendant, since the decision of this case on the former appeal, has procured condemnation of the right of way for its road through the lot, and the inquisition has been confirmed; but the present actions were brought for the repeated trespasses on the lot from the time of the death of Philip D. Boyd to the time of the taking of the recent inquisition by the defendant.

That the entry upon and use of the land, though under color of right, and though the ground was unenclosed and vacant, was unlawful and therefore a trespass, admits of no question or dispute; and consequently for such invasion of their rights the plaintiffs are entitled to recover some damages of the defendant. It is not necessary, in order to entitle the plaintiffs to a verdict that they should have given affirmative proof that they had sustained any particular amount of damages; for every unauthorized entry upon the land of another is a trespass, and whether the owner suffer substantial injury or not, he at least sustains a legal injury, which entitles him to a verdict for some damages; though they may, under some circumstances, be so small as to be merely nominal. *Ashby vs. White*, 2 *Lord Raym.*, 955; *Mellor vs. Spateman*, 1 *Wms. Saund.*, (note 2,) p. 346a; *Taylor vs. Henniker*, 12 *Ad. & El.*, 448; *Dixon vs. Clow*, 24 *Wend.*, 188.

The present cases, however, we think, are not cases for nominal damages merely. For though there is an entire absence of any such element of wanton or malicio

Balto. & Ohio Railroad Co. *vs.* Boyd, *et al.*

motive, or such reckless disregard of the rights of others, in the commission of the trespass, and the repetitions thereof, as would entitle the plaintiffs to claim punitive or exemplary damages; yet the strip of ground belonging to the plaintiffs has been continuously and beneficially occupied by the defendant, as the bed of its railroad tracks, since the death of Philip D. Boyd to the time of bringing the last suit; and for such use of the land a reasonable, but a substantial, compensation ought to be paid. It is true, there is no evidence whatever of any special damages sustained, or that the plaintiffs were hindered or obstructed in any proposed use of their lot, by reason of the presence and use of the railroad tracks; but, nevertheless, we are of opinion that the plaintiffs are entitled to a reasonable compensation for the use of their land, and we think this is measured by what would be a fair rental value for the ground, occupied as it has been, for the time covered by the actions, and nothing more. In such cases as the present, where there is nothing to show that any special damage has been suffered, the principle seems to be established by many respectable authorities, that the plaintiff is entitled to recover such compensation as the use of the ground was worth, during the time and for the purpose it was occupied. It has been so held in several cases, and we need only refer to *McWilliams vs. Morgan*, 75 *Ill.*, 473; *City of Chicago vs. Huenerbein*, 85 *Ill.*, 594; *Ward vs. Warner*, 8 *Mich.*, 508. And though the facts are somewhat different, the same principle of compensation was adopted in the cases of *Blesch vs. Chicago & North. Rw. Co.*, 43 *Wis.*, 183; *Carl vs. Sheboygan, etc., R. Co.*, 46 *Wis.*, 625.

Such, then, being the proper rule of damages in these cases, the instructions, given at the request of the plaintiffs, were not sufficiently definite, and were well calculated to mislead the jury. They were centainly susceptible of a construction that would permit the jury to transcend the

fair rental value of the piece of ground, occupied by the defendant, as the measure of compensation to be allowed; and that such was the understanding or interpretation of these instructions by the plaintiffs' counsel, is made manifest by the arguments and illustrations urged by him while addressing the jury, as reported and set out in the defendant's fourth and fifth bills of exception. We are therefore of opinion that there was error in granting these instructions in the terms therein employed; and that there was also error in granting the second prayer of the defendant, but no error in refusing the first, or in granting the third, of the defendant's prayers.

In the view we have stated of the measure of recovery in these cases, the questions of evidence raised by the first and second bills of exception taken by the defendant, become quite immaterial, and it is unnecessary to express any opinion in regard to them.

With respect to the fourth and fifth exceptions taken by the defendant, they present a question of practice as to the right and duty of the trial Judge to interpose to restrain counsel, who is alleged to be indulging in argument and illustration before the jury, unwarranted by the instructions of the Court, and which will, if unrestrained, likely mislead the jury in the finding of their verdict. This is a matter that must, in the nature of things, rest largely in the discretion of the trial Court. It is, however, proper for us to say, that no duty incumbent upon the Judge of a trial Court is more imperative, nor more important to the fair and orderly administration of justice, than that of interposing to restrain everything in the course of the trial that tends to mislead the jury and to divert their minds from the strict line of inquiry, with which they are charged. It is the function and duty of the Court, when called upon in the trial of civil cases, by either of the parties, to instruct the jury as to the principles of law applicable to the case on trial, and it is the

Balto. & Ohio Railroad Co. *vs.* Boyd, *et al.*

duty of the jury to observe and conform to such instruc-
tion.   Counsel can never be permitted to argue to the
jury against the instructions of the Court, nor to indulge
in any line of argument or comment that would tend to
induce them to disregard the instructions given for their
government.   This is a matter that is always within the
control of the Court.   *Sowerwein vs. Jones,* 7 *G. & J.,*
335 ; *Bell vs. State,* 57 *Md.,* 120.   When, however, the
instructions given are ambiguous, or susceptible of differ-
ent interpretations, and the attention of the Court is called
thereto, no matter at what stage of the trial, if before the
jury have acted thereon, it at once becomes the duty of the
Court to remove the ambiguity, and to make the meaning
of the Court plain.   Here, as we have shown, the instruc-
tions were indefinite, and were, to some extent at least,
open to the construction that was being placed thereon
by the counsel of the plaintiffs when he was interrupted
by the adverse counsel, and the Court's attention called
to what he was contending for before the jury, as set
forth in the fifth exception.   The counsel was not re-
stricted in his contention by any affirmative action of the
Court; and we infer from such non-action, that the coun-
sel, in urging the allowance of a large and discretionary
amount of damages, was, in the opinion of the Court,
conforming his contention to the instructions given the
jury.   We have said that the instructions were errone-
ously granted ; and whether or not they were rightly
construed in argument before the jury, is a question
quite immaterial to be decided for the re-trial of the
cases.

There were two bills of exception taken by the plain-
tiffs.   The first was taken to the refusal by the Court to
admit as evidence, to prove malice on the part of the
defendant, certain declarations or statements made by
counsel on a former occasion, in the course of a trial, and
while arguing the question of damages before a jury of

condemnation of the property in question. We know of no principle or authority, and have been referred to none, upon which such declarations of counsel as those here offered, could be admitted for the purpose indicated. We therefore think the Court was clearly right in excluding them.

The second exception taken by the plaintiffs was to the granting by the Court of the second and third prayers of the defendant. As to the second prayer, thus excepted to, we have said there was error; but as to the third, there was no error, and therefore no ground for the exception to that instruction.

It follows that the several judgments entered in these cases must be reversed, and a new trial ordered.

*Judgments reversed, and*
*new trial awarded.*

(Decided 16th March, 1887.)