GULF & SHIP ISLAND RAILROAD COMPANY *v.* BUSTER NELSON.

TRESPASS.  *Damages.  Sum demanded.  Instruction not to exceed.*

It is not erroneous in an action of trespass for damages for the court to instruct the jury at plaintiff's request that they cannot award greater damages than the sum demanded in the declaration.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Nelson, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there.    From a judgment for $500 in plaintiff's favor, the defendant appealed to the supreme court.

On the trial plaintiff testified that he was kicked off a passenger train running about thirty-five miles an hour by the porter of the train, and was badly injured thereby.    Defendant's

testimony tended to show that plaintiff was stealing a ride on the train, and when discovered he attempted to get off, fell and injured himself.    Only one instruction was given for plaintiff, which was as follows: "If the jury believe from the evidence that the porter of defendant, on the train in question, pushed, forced or threw Buster Nelson from the train, and by his fall from the train, so caused, the plaintiff was injured as set out in the declaration, then the jury should find for the plaintiff, and assess his damages in such sum as they may believe from the evidence he has been damaged, not to exceed the sum of five thousand dollars; and this, too, whether or not they may believe from the evidence plaintiff had a ticket on said train and trip."

*McWillie & Thompson,* for appellant.

The instruction for the plaintiff is erroneous.    It is erroneous in that it fixes $5,000, the sum demanded in the declaration, as the maximum of recovery.    This was an intimation to the jury that the finding of such a sum would not be excessive. We know this form of instruction is quite common, and we know, too, that as an abstract proposition it is true, but nevertheless it should not have been given, and never should be given. Suppose the declaration had demanded $10,000,000; one sum is as easily demanded as another, and suppose the instruction had named $10,000,000 instead of $5,000, would it not be absurd?    The instruction practically informed the jury that the court would maintain a verdict for $5,000, and of course such an announcement would have the effect of increasing the finding.    Can you not see very well the influence the instruction would have on the minds of the jurors inclined to think a small sum proper?    The answer to the suggestion of a small sum is patent, and it would be something like this, "$100 or $150 would be ridiculous since the judge said we may find $5,000. He must have meant our finding to be large."

There never was a defendant in an action of tort, or an attor-

ney who defended one, who did not feel the force of such an instruction as the one we are considering. It is unfair, and, we submit, is erroneous. We do not find authority on the subject, although we have not made an extended search, and do not find that the practice of asking instructions so concluding prevails outside of this state. The practice here ought to be condemned. The statement of the proposition, an abstract one, that the plaintiff cannot recover more than is demanded in the declaration, cannot be justified on the idea that the jury are liable to award greater damages than are demanded. If such were the case, the defendant might properly ask for such an instruction, but experience shows that there is no need for the giving of them at all. We doubt whether the entire realm of litigation will disclose a case in which a defendant asked such an instruction. The plaintiff's attorneys do not ask it for fear too much will be awarded. Such instructions are asked by plaintiffs not because they fear too great a finding in their favor, but because they know the effect of the instruction on the jury in increasing findings in their favor. This is the practical working, the facts behind all of them. Your honors must feel and know this, and the very purpose for which such an instruction is asked by plaintiffs condemns it. It is manifest that the entire bar sees and recognizes the force of the instructions so concluding. All defendants' attorneys know and feel that they do their clients injustice, and all plaintiffs' attorneys ask them for no other reason than because they know that their tendency is to increase the amount of findings.

*Harper & Potter,* for appellee.

The one instruction asked by appellee is not erroneous; the whole case was one of fact, and that was resolved in plaintiff's favor. The verdict is too small, but of this appellant cannot complain.

CALHOON, J., delivered the opinion of the court.

It is overnervousness to see danger to the defendant in an instruction to the jury, in a personal injury case, that if they found for the plaintiff, they might assess such damages as they believed from the evidence he suffered, not to exceed the amount claimed in his declaration. There was no error in giving the instruction.

*Affirmed.*