## ALABAMA & V. RY. CO. *v.* DENNIS.

[91 South. 4. No. 22232.]

1. MASTER AND SERVANT. *Statutory duty of maintaining couplers absolute.*
   The Safety Appliance Act (27 Stat. L. 531, 8 Fed. Stat. Ann. [2d Ed.] 1155 [U. S. Comp. St. sections 8605-8612]) imposes upon a railroad company the absolute duty of maintaining the couplers of its cars at all times in such condition that they will couple automatically by impact; and the failure of any of its couplers so to do, though such failure did not result from any negligence on the part of the railroad company, makes the company liable for any damage resulting therefrom to any one of the class for whose benefit the statute was enacted.

2. MASTER AND SERVANT. *Defective couplers proximate cause of injury.*
   Where a brakeman has been compelled to go between cars in order to make a coupling because the automatic couplers failed to work, and is injured, the defective couplers are the proximate cause of his injury within the Safety Appliance Act (U. S. Comp. St., sections 8605-8612).

3. MASTER AND SERVANT. *Risk from violation of statute not assumed.*
   Assumption of risk is not a defense to liability for injuries due to the violation by a defendant railroad company of the Safety Appliance Act (U. S. Comp. St., sections 8605-8612).

4. MASTER AND SERVANT. *Contributory negligence no bar to recovery for injuries from violation of statute.*

In an action for damages under the federal Employers' Liability Act, contributory negligence is not a defense to liability for injuries due to a violation by a defendant railroad company of the Safety Appliance Act (U. S. Comp. St., sections 8605-8612).

5. DAMAGES. *Twenty-five thousand dollars verdict for loss of forearm held excessive.*

A verdict for twenty-five thousand dollars in an action for damages by a brakeman for the loss of his left forearm because of the negligence of the defendant, the brakeman being thirty years old, physically sound, an experienced railroad man, without training in any other occupation, and who at the time of the trial had been unable since his injury to obtain other employment, is excessive.

6. APPEAL AND ERROR. *Damages. Verdict set aside in so far as it fixes amount of damage unless a proper remittitur is entered, where limitation in instruction exceeded amount warranted by evidence.*

An instruction to the jury, in an action for damages for a personal injury, that in event they believed certain facts therein set forth they should return a verdict for the plaintiff "not to exceed fifty thousand dollars, the amount sued for," is erroneous if the limitation thus placed on the verdict grossly exceeds the amount for which a verdict would be warranted by the evidence; and if the verdict returned pursuant thereto, though less than the limitation placed thereon by the instruction, is excessive and unless a proper remittitur is entered, the verdict should be set aside in so far as it fixes the amount of the damage.

APPEAL from circuit court of Scott county.

HON. E. L. BRIEN, Special Judge.

Action by Louis Dennis against the Alabama & Vicksburg Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed, with *remittitur.*

*R. H. Thompson* and *S. L. McLaurin,* for appellant.

*W. C. Eastland* and *M. W. Reily,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment awarding the appellees damages in the sum of twenty-five thousand

dollars for an injury received by him while employed by the appellant and by reason of its negligence. The facts disclosed by the evidence are in substance as follows: On March 26, 1920, it became necessary for the appellee, a brakeman employed by the appellant and then engaged in interstate traffic, to assist in the coupling of two of the appellant's cars. One or more attempts were made to couple the cars automatically by impact without success, although the coupler of the car standing still had been opened. The appellee then attempted, with the lever provided for that purpose, to open the coupler of the car that was being pushed forward, but failed to do so. He then went between the cars as the one being pushed forward was approaching the other and attempted to open the coupler of the moving car with his left hand when it was caught and crushed between the couplers, necessitating the amputation of his arm between the wrist and elbow.

The couplers on both cars were such as would ordinarily couple by impact, and the lever was such as would ordinarily enable a person to open the coupler without the necessity of going between the cars; but for some unexplained reason, unless from exposure to the weather, the coupler on the car that was being pushed forward would not open when it came in contact with the coupler on the other, and the lever, also for some unexplained reason, was hard to lift and could not be lifted by the appellee, though he tried to do so as he had been theretofore accustomed and in the usual and ordinary way.

The appellee at the time of his injury was earning two hundred dollars per month, was thirty years old, in good physical condition, was an experienced railroad man without training in any other occupation, has a wife and three children, has been unable since his injury to obtain other employment, and is now running a pressing shop at which he says he barely makes expenses.

A demurrer filed by the appellant to the declaration is said in the brief of its counsel to challenge various alleged defects therein. But none of them are of sufficient merit to call for special consideration.

The appellee's cause of action is based upon the federal Employers' Liability Act, 35 Stat. 65 (8 Fed. Stat. Ann. [2 Ed.], 1339, section 3 [U. S. Comp. St., section 8659]), and upon the Safety Appliance Act, 27 Stat. 531 (8 Fed. Stat. Ann. [2 Ed.], 1155 [U. S. Comp. St., sections 8605-8612]), in that the cars failed to couple automatically by impact.

Among the contentions of counsel for the appellant are that the court erred in refusing to instruct the jury to return a verdict for the appellant, and that the verdict is excessive. As we understand the grounds on which the peremptory instruction was sought, they are: First, the couplers with which the cars were equipped were such as should and would have ordinarily coupled by impact, and their failure so to do on the occasion in question is insufficient to show that they were so defective as to constitute a violation by the appellant of the Safety Appliance Act; second, the failure of the cars to couple automatically on impact was not the proximate cause of appellee's injury; third, the appellee's own negligence contributed to his injury; and, fourth, by going between the cars and attempting to open the coupler with his hand the appellee assumed the risk incident thereto.

1. The Safety Appliance Act imposes upon the appellant the absolute and unqualified duty to maintain its couplers at all times in such condition that they will couple automatically by impact, and the failure of any of its couplers so to do, though such failure did not result from any negligence of the appellant, makes it liable for any damage resulting therefrom to any one of the class for whose benefit the statute was enacted. Roberts' Federal Liability of Carriers, sections 773 to 795, inclusive.

2. The appellee's going between the cars in order to open the coupler was caused by the failure of the couplers to couple automatically by impact and of the lever to open the coupler, which failures were therefore the dominating and consequently a proximate cause of his injuries. *Tenn. A. & G. R. Co.* v. *Drake* (C. C. A.), 276 Fed. 393.

3.   Neither assumption of risk nor (in a suit under the federal Employers' Liability Act [U. S. Comp. St., sections 8657-8665]) contributory negligence is a defense to liability for injuries due to a violation of the Safety Appliance Act.   Safety Appliance Act, section 8; Employer's Liability Act, section 3; 2 Robert's Federal Liability of Carriers, section 863 *et seq.*

4.   The verdict is grossly excessive and may have been induced by an instruction granted the appellee which charged the jury that it might return a verdict in his favor if it believed certain matters therein set forth to be true "not to exceed fifty thousand dollars, the amount sued for."   The jury should not have been so instructed, for fifty thousand dollars is more than double the amount for which a verdict should be upheld.   An instruction of this character is, of course, not prejudicial to the defendant when the verdict returned in response to it is not excessive as in *Railroad Co.* v. *Nelson,* 82 Miss. 653, 35 So. 158, but is prejudicial when the verdict returned in response to it is excessive.

If the appellee will enter a *remittitur* of seven thousand dollars, the judgment of the court below will be affirmed for eighteen thousand; otherwise, it will be reversed in so far as it fixes the amount to be recovered and the cause remanded for trial on the question of damages only.

*Affirmed, with remittitur.*