JEFFERSON *v*. BATES.*

(Division A.  Nov. 12, 1928.)

[118 So. 717.  No. 27395.]

*Corpus Juris-Cyc References: Libel and Slander, 36CJ, section 117, p. 1199, n. 45; section 162, p. 1215, n. 34; section 193, p. 1233, n. 17; 37CJ, section 576, p. 121, n. 11; section 589, p. 128, n. 10. Truth as a defense to a civil action for libel and slander see annotation in 21 L. R. A. 502; 31 L. R. A. (N. S.) 132; 50 L. R. A. (N. S.) 1040; 17 R. C. L. 326; 3 R. C. L. Supp. 655; 4 R. C. L. Supp. 1119.

*S. D. Neill* and *Forrest G. Cooper*, for appellant.

*Everett & Forman*, for appellee.

McGOWEN, J. The appellee, M. Bates, filed a declaration in the circuit court of Sunflower county in an action of slander in the oral use of words against the appellant, and the declaration embraced four counts.

In the first count it was charged that the appellant, defendant in the court below, spoke of the plaintiff, M. Bates, saying that he (meaning Bates) "set fire to and burned his house," and that such words were considered an insult and were calculated to lead to a breach of the peace.

No effort was made to introduce proof as to count two of the declaration.

Count three likewise alleged that the appellant said of Bates:

"If he (meaning Bates) does not quit prosecuting me, I will ruin him; he (meaning Bates) burned his house because he told me so."

Count four alleged that the words spoken were:

"If he (meaning the plaintiff, M. Bates) does not compromise, I am going to ruin him, for he burned his house because he tried to borrow one hundred and fifty dollars from me to burn it."

Defendant pleaded the general issue to each of these counts, and gave notice thereunder to the effect that the words uttered by the defendant (appellant here) were justified, because the appellee (Bates) had told him that he (Bates) was going to burn his own home. The defendant further set out the conversations with two neighbors, which were confidential in their nature, and one of the conversations in which the language was repeated was with an officer of the law.

The court gave a peremptory instruction for the appellant on the second count, there being no evidence to sustain it, and submitted the three counts, the tenor of which is quoted above, to the jury on a peremptory instruction that the words uttered were actionable *per se,* charging the appellee with an infamous crime, arson, and instructing the jury to find for the plaintiff in each of said counts such sum as the jury deemed proper, not to exceed the amount sued for in the declaration.

The appellant (defendant) sought, by his instructions, to have the court say to the jury that the truth of the words uttered was a defense to this cause, together with the theory that the appellee (Bates) would only be entitled to nominal damages. There was a judgment on the three counts for two hundred and fifty dollars, being eighty-three dollars and thirty-three and one-third cents each, and an appeal is prosecuted here from that judgment.

The evidence disclosed that the appellant (defendant)[1] admitted having made the statements to witnesses as charged in the declaration in the three counts, but asserted that Bates (the appellee) had made the statement to him that he was going to burn his (meaning Bates') own house; that, subsequent to this statement, the appel-

lee and appellant had a church row, the appellee being. a preacher and the appellant a deacon, and that they had disagreed about where the church should be located. They had two difficulties, in the latter of which the appellant slapped the Reverend Bates, remarking at the time, "I is gwine to treat you right, Brother Bates," for which he was arrested. The statement made to an officer of the law was made after the appellant was arrested and was being prosecuted for assault and battery, which statement was, in effect, an effort to secure a compromise for the assault and battery. The record does not disclose any privileged relation, but does disclose a bad state of feeling between the parties.

We think the grounds urged here for reversal may be crystallized into two propositions: (1) Was the truth of the words, admittedly uttered, a bar to the suit? and (2) Was the plaintiff (appellee here) entitled to only nominal damages?

We answer both propositions in the negative.

Section 1, Hemingway's 1927 Code, section 10, Code of 1906, has been one of our statutes since 1822, and is as follows:

"All words, which, from their usual construction and common acceptation, are considered as insults, and calculated to lead to a breach of the peace, shall be actionable; and a plea, exception or demurrer shall not be sustained to preclude a jury from passing thereon, who are the sole judges of the damages sustained; but this shall not deprive the courts of the power to grant new trials, as in other cases."

Section 805, Hemingway's 1927 Code, section 1041, Code of 1906, makes the burning of a building, which is, at the time, insured, with intent to prejudice or injure the insurer, a felony punishable by not less than seven years in the penitentiary. Section 1, which we have set out above, has for its prime purpose the settlement in court of differences rather than resorting to force and

violence; and this court has long since settled that the truth of such words uttered is no defense to an action, but may be offered in evidence in mitigation and diminution of the amount of damages, all of which is for the consideration of the jury. The plaintiff (appellee) in this case was entitled to a peremptory instruction. The defendant (appellant here) could not interpose the truth of the words uttered as a defense. To charge a man with larceny is actionable *per se,* and to charge him with arson is also actionable *per se. Valley Dry Goods Co.* v. *Buford,* 114 Miss. 414, 76 So. 252; *Crawford* v. *Mellton,* 12 Smedes & M. 328; and *McLean* v. *Warring* (Miss.), 13 So. 236. And the law imputes an intention to injure and damage the other party by the speaking of words that are slanderous *per se. Furr* v. *Speed,* 74 Miss. 423, 21 So. 562.

The court properly instructed the jury for the plaintiff (appellee here), and properly declined the instructions requested by the defendant (appellant here).

It is assigned as error that the plaintiff (appellee here) was not entitled to more than nominal damages.

The statute would be thwarted by placing a construction thereon that only nominal damages are recoverable in the absence of proof of special damages. The statute is intended to award damages exemplary in their nature for the speaking of words which, by their usual construction and acceptation, are insulting, and calculated to lead to a breach of the peace, and no special damages are necessary to be shown. Otherwise, the statute, in many cases, would be a nullity. The cause of action is the speaking of the words in manner and form as announced by the statute. No authority is cited to the contrary, and the authorities are unanimous to that effect.

There are other matters discussed in the brief, but they are not sustained by argument, and we do not deem them worthy of our comment.

There is no reversible error in this record.

*Affirmed.*