LANDRUM *v.* ELLINGTON.[*]

(Division A. Feb. 11, 1929.)

|120 So. 444. No. 27682.]

*On excessiveness of damages in actions for libel and slander, see 17 R. C. L. 445; 3 R. C. L. Supp. 687; 4 R. C. L. Supp. 1132.

*J. G. Smythe* and *J. D. Guyton,* for appellant.

*Jas. T. Crawley,* for appellee.

Argued orally by *J. G. Smythe,* for appellant, and *Jas. T. Crawley,* for appellee.

McGowen, J. In the circuit court of Attala county, Allie Ellington, a minor, by next friend, J. D. Ellington, appellee here, sued Landrum, appellant, for damages in the amount of ten thousand dollars; the gravaman of his declaration being that the appellant accused the minor, Allie Ellington, of attempting to steal his automobile, and further of "swearing a lie and committing the detestable crime of perjury." He also charged that such word's were uttered during the month of December, 1926, on the streets of Kosciusko.

The appellant entered a plea of not guilty, and appellee, without appellant's objecting, offered evidence to the effect that appellant had said, in a certain trial subsequent to December, 1926, and before the trial of this

case in the circuit court, that he uttered the words attributed to him in the declaration sworn to by witnesses for the appellee in the trial of this case. A verdict was rendered in favor of the appellee for five hundred dollars, and the judgment of the court entered accordingly. Hence the appeal here.

The declaration in this case is based upon Hemingway's 1927 Code, section 1 (Code 1906, section 10).

The first assignment of error is to the effect that instructions Nos. 1, 2, 3, and 5, given by the court for the appellee, state that, "if the jury believe from the evidence that the defendant did say, at the time and place testified about," etc., "you will find for the plaintiff." Appellant insists that the use of the words "at the time and place testified about" is harmful in this case, because of the testimony with reference to his admissions in the trial in the court of the justice of the peace, and he insists that, instead of using the quoted words, the instruction should have said "during the month of December, 1926, on the streets of Kosciusko."

We do not think there is any merit in this contention, nor was there any chance for the jury to be misled as to appellant's admissions in the trial in the court of the justice of the peace. However, in the light of appellant's contention that the instructions should have specifically named the time and place as "during the month of December, 1926, on the streets of Kosciusko," if error there was, it was certainly cured by instruction for appellant, following the rule of this court, that all of the instructions are to be taken together, in determining whether or not the court below committed error, and, applying this sound rule to these instructions, no reversible error is predicable upon the instructions complained of herein.

Appellant further urges here that five hundred dollars is an excessive judgment in this case, and seems to base this contention upon the fact that the appellee did not

lose his place as a day laborer in a sawmill, and suffered no disrepute or humiliation by the language attributed to him. The record discloses that appellant admitted an annual income from the rental of two houses of one thousand eight hundred dollars, and told appellee's counsel "it was none of his business" as to whether he had recently made four thousand five hundred dollars on a certain deal.

The statute involved here has been in force in this state since 1822, and is generally known as the "anti-duelling statute" (Hemingway's Code 1927, section 882 et seq.), the purpose of which is to induce citizens who are maligned and whose honor is impugned to resort to the courts of the country for redress by money judgment as a salve for wounded honor rather than to the old-time method of "pistols and coffee for two;" and in the light of this record we cannot say that five hundred dollars is an excessive amount to allow a young man under twenty-one years of age for being denounced as both a thief and a liar. Under this statute, within reasonable bounds, the jury was the sole judge of the damages sustained, and we cannot say that this allowance evinced passion or prejudice on the part of the jury.

*Affirmed.*