ALLEN *v.* FRIEDMAN.

(Division A.   Jan. 13, 1930.)

[125 So. 539.   No. 28319.]

Carl Marshall and **E. J. Gex,** both of Bay St. Louis, for appellant.

**W. J. Gex,** of Bay St. Louis, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, Mrs. Maurice Friedman, instituted this suit in the circuit court of Hancock county against the appellant, Roy O. Allen, seeking to recover damages for personal injuries alleged to have been sustained in an automobile collision, which occurred at the intersection of St. Francis and Washington streets in the city of Bay St. Louis. From a judgment in favor of appellee for two thousand five hundred dollars, this appeal is prosecuted.

The collision in which the appellee sustained injuries occurred at the intersection of St. Francis and Washington streets in the city of Bay St. Louis, which cross each other at right angles. She was riding on the rear seat of an automobile, which was traveling north on St. Francis street, and was being driven by her father, F. E. Benjamin. The appellee and her witnesses testified that, when the automobile in which she was riding was about forty feet from the Washington street intersection, the driver of the automobile sounded the horn thereof; that the view from St. Francis street down Washington street was obstructed by a building standing at the corner of the two streets; that when the automobile reached a

point seven or eight feet from the line of Washington street it came to a full stop, and the horn was again sounded; that no sound of a car approaching on Washington street was heard by the occupants of the automobile, and thereupon the automobile in which she was riding started across the intersection of these streets at a rate of seven or eight miles an hour; that when it reached a point about the center of the intersection it was struck by appellant's heavy automobile, which was traveling east on Washington street at the rate of about twenty-five or thirty miles an hour; that the automobile in which the appellee was riding was struck near the front, breaking off the bumper and crushing the front wheel. As to the injuries sustained, appellee testified that she was thrown onto, or against, the front seat, on her stomach; that after she got out of the car, and noticed that her child had been cut on the head and was bleeding freely, she fainted, and did not recover consciousness until after she was carried to her mother's home; that she was then pregnant, and suffered greatly from shock and nervousness; that she was treated by a doctor to prevent a miscarriage; that she was confined to her bed for periods of varying length for three or four weeks; that on the eighth day after the accident she fainted in church, and thereafter was compelled to remain in bed a couple of days; that at the end of three or four weeks she returned to her home in New Orleans; that during the period intervening before the birth of her child she was threatened four or five times with a miscarriage, and was successfully treated therefor by a physician, and that she was still nervous and unable to perform her household duties as well as before the accident, and had lost about six pounds in weight.

As to the circumstances surrounding the collision, the appellant and his witnesses testified that he was traveling east along Washington street at the rate of about twelve or fifteen miles per hour, his wife and little boy being in the car with him; that as he approached the in-

tersection at St. Francis street he sounded his horn, but did not see or hear any automobile approaching on St. Francis street; that, when he had traveled about two-thirds of the distance across the intersection, the automobile in which the appellee was riding came along St. Francis street into the intersection; that it was traveling at a rapid rate, and ran head on into the side of the appellant's automobile, striking the same about the middle thereof, and damaging the running board, door, and fender. By an ordinance which was introduced in evidence, it was shown that vehicles traveling on Washington street had the right of way over vehicles approaching on the intersecting streets.

The appellant assigns as error an instruction granted to the appellee which in effect informed the jury that, if the injury complained of was inflicted by the appellant while he was operating his automobile at a greater rate of speed than fifteen miles per hour, at the intersection of the streets where the accident occurred, this was prima-facie evidence of negligence on the part of the appellant in reference to such injury; the criticism of this instruction being that it fails to tell the jury that, in order to render the appellant liable for the injuries inflicted, such negligence must have been the proximate cause thereof. This instruction merely informed the jury of the statutory provision that proof of injury inflicted by an automobile being driven on the streets of a city at a greater rate of speed than allowed by law is prima-facie evidence of negligence on the part of the operator of the automobile, and it is supplemented by an instruction granted to the appellant, to the effect that the burden was on the appellee to show that the accident was caused by the negligence of the appellant. When these two instructions are read together, the latter modifying and supplementing the former, they correctly state the law applicable to the facts.

The appellant also complains of certain language used by counsel for appellee in his closing argument to the

jury, the language complained of being as follows: "Why did Allen hand his card with the insurance company's name thereon to Benjamin, if he did not imply thereby that he [Allen] was in the wrong, and that Benjamin would be indemnified by the insurance company to the extent of his injury?" The appellant interposed an objection to this argument, and the court sustained the same, and instructed the jury to disregard it.

During the direct examination of F. E. Benjamin, the driver of the car in which the appellee was riding, he stated that immediately after the accident the appellant handed to him a card containing printed matter indicating that he carried liability insurance. The court promptly sustained an objection to this testimony, and, at the request of counsel for the appellant, instructed the jury to disregard what the witness had stated in reference to the contents of the card. There was no further reference to insurance until the appellant took the stand as a witness in his own behalf, when, during his direct examination, in stating what happened immediately after the accident, he voluntarily made the following statement: "I turned to Mr. Benjamin, and I said: 'Brother, I am going to take my kid to the doctor; here is my card, and I have plenty of insurance; if you think you have a claim against me, we will take it up with the insurance people at the proper time.'"

Aside from any consideration of the effect of the failure of the appellant to request a mistrial after the court below sustained each of his objections to any reference to insurance, we do not think that upon this record the argument complained of constitutes reversible error. The appellant voluntarily testified that he informed Mr. Benjamin that his liability, if any, was fully covered by insurance, and proposed that they later take up the matter of liability with his insurance company; and, having so testified in response to questions propounded by his own counsel, he is not now in a position to complain of the comments of counsel on this testimony.

Finally, the appellant contends that the amount of damages assessed by the jury is grossly excessive and that the excessive verdict may have been induced by an erroneous instruction granted to the appellee, which told the jury that they might assess the damages at any amount "not to exceed the amount sued for," which in this case was ten thousand dollars. In the case of Ala. & Vicksburg Railway Co. v. Dennis, 128 Miss. 298, 91 So. 4, Gulfport & Mississippi Coast Traction Co. v. Keebler, 130 Miss. 631, 94 So. 795, and Interstate Co. v. Garnett (Miss.), 122 So. 373, it was held that, in an action for damages, an instruction to the jury that they might return a verdict for a sum not in excess of the amount sued for was erroneous, if the limitation thus placed on the verdict grossly exceeded the amount for which a verdict would be warranted by the evidence, and that such an instruction was prejudicial if the verdict returned in pursuance thereof was excessive.

After a very careful consideration of all the testimony in this record, which bears upon the nature and the extent of the injury sustained by the appellee, we are of the opinion that the amount of damages assessed is grossly excessive, and this excessive verdict may have been induced by the error pointed out in this instruction. If the appellee will enter a remittitur of one thousand five hundred dollars the judgment of the court below will be affirmed for one thousand dollars; otherwise, it will be reversed in so far as it fixed the amount to be recovered, and the cause will be remanded for trial on the question of damages only.

Affirmed, with remittitur.