## WELLS *v.* BRANSCOME.

No. 39261 September 27, 1954 74 So. 2d 743

(1)

2

*W. O. Semmes, Horton & Horton,* Grenada, for appellant.

4

*W. I. Stone,* Coffeeville; *Marshall Perry,* Grenada, for appellee.

ETHRIDGE, J.

This suit is based upon the actionable words statute, Mississippi Code 1942, Section 1059, which provides: "All words which, from their usual construction and common acceptation, are considered as insults, and calculated to lead to a breach of the peace, shall be actionable; and a plea, exception or demurrer shall not be sustained to preclude a jury from passing thereon, who are the sole judges of the damages sustained; but this shall not deprive the courts of the power to grant new trials, as in other cases.

C. H. Wells, appellant, brought the action in the Circuit Court of Grenada County against Guy Branscome, appellee. Wells had purchased some Angus cattle and seed from Branscome, and a dispute arose between them as to the latter's liability to replace an allegedly infertile cow, and Wells' liability to Branscome for the purchase price of the seed. Appellant visited appellee's cattle farm on numerous occasions. After a number of these visits, and after the dispute had continued for sometime, appellee ordered appellant off of his premises. According to appellant, appellee told him that he

was not going to do anything further about appellant's cow, "Because you are such a God damn crook I didn't want to be seen with you; furthermore, I want you to get off my place and stay off; there is the gate, I want you to get out of here, your reputation is so bad I don't want you hanging around. . ."

Appellee's version was that he had fully complied with all of his agreement with reference to the cattle which he sold appellant; that appellant continued to make himself a nuisance on appellee's premises, and had refused to pay him for seed which he had bought; that appellant kept on hanging around and bothering him about the cow, so appellee told him to leave his premises and stated: "You want to know why I don't want you? You have got the name of being such a God damn crook I don't want you hanging around my place and I won't have it. If you will leave and stay on your side of the road I'll stay on mine and we'll get along all right. . ." Branscome further testified: "I had tried to get him to leave, I had asked him three times, and I told him if he didn't leave, I was going to knock hell out of him with the stick, but I didn't draw it back on him."

Apparently only the two parties to this suit were present when the quoted words were exchanged. Without objection by appellant, appellee and five other of his witnesses, who were long-time residents of Grenada County, one of whom was a former city police officer and another a former sheriff, testified that appellant's reputation in the community for honesty and fair dealing was bad. The trial court gave a peremptory instruction for plaintiff, Wells, on liability, and submitted the issue of damages to the jury. The jury returned a verdict for Wells in the amount of one cent. From a judgment based upon that verdict, Wells has appealed.

 Appellant cannot complain about the admission of testimony relative to appellant's general reputa-

tion for honesty and fair dealing. Appellant failed to object to it, and, moreover, it was admissible anyway in mitigation of damages. 33 Am. Jur., Libel and Slander, Sec. 222; 53 C. J. S., Libel and Slander, Secs. 190, 251. Nor can we say that the verdict of the jury with respect to the amount of damages was contrary to the law and the evidence and evinced passion and prejudice by the jury against appellant. Code Section 1059 expressly provides that the jury "are the sole judges of the damages sustained." Of course that discretion vested in the jury must be reasonably exercised. Landrum v. Ellington, 152 Miss. 569, 120 So. 444 (1928).

 The trial court was correct in granting the peremptory instruction on liability. Under the terms of the statute, the words used by appellee were insulting and calculated to lead to a breach of the peace, and therefore were actionable per se. And it is not necessary for a plaintiff to show special damages in order to be entitled to exemplary damages. Jefferson v. Bates, 152 Miss. 128, 118 So. 717 (1928). However, on this record we can not say that the jury's verdict was against the great weight of the evidence. The jury could consider several factors in determining whether to award substantial punitive damages: The actions of appellant and the circumstances which provoked appellee's words; the fact that only the two parties were present when the words were used; and the testimony of six witnesses, which was unobjected to and uncontradicted except by appellant himself, to the effect that appellant had a bad reputation in his community for honesty and fair dealing. On this record we must necessarily assume that the jury found against appellant and for appellee on these factors. Hence the jury apparently concluded that although the words were actionable per se, punitive or exemplary damages were not called for under all of the circumstances before it; and that therefore they should

allow only nominal damages, which are given not as an equivalent for a wrong, but in recognition of a technical injury, and by way of declaring the right. 25 C. J. S., Damages, Sec. 8.

Appellant complains of two instructions given defendant-appellee, as follows:

"The Court instructs the jury for defendant that it is your duty to consider all the evidence produced in this trial, and that you are to take all the facts and circumstances of this case into consideration; and if after so doing, you believe the plaintiff is entitled only to nominal damages, then you shall so find and fix the damages accordingly."

"The Court instructs the jury for the defendant, that you are the sold Judge of the amount to be returned in this case; and you may if you find proper, fix the damages as low as one cent."

It is contended that these instructions are suggestive to the jury of an amount which they should return, and appear to put the sanction of the trial court upon the amount stated in the second one. Appellant relies upon the rules first laid down in Illinois Central Railroad Company v. Minor, 69 Miss. 710, 719-720, 11 So. 101 (1829), and later applied in Alabama and Vicksburg Railroad Company v. Dennis, 128 Miss. 298, 91 So. 4 (1922); Gulfport and Mississippi Coast Traction Company v. Keebler, 130 Miss. 631, 94 So. 795 (1923); Interstate Company v. Garnett, 154 Miss. 325, 358, 122 So. 373, 756 (1929); and Allen v. Friedman, 156 Miss. 77, 83, 125 So. 539 (1929). In those cases it was held that an instruction to the jury that they might return a verdict for a sum not in excess of the amount sued for, naming it, was erroneous, if the limitation thus placed on the verdict grossly exceeded the amount for which a verdict would be warranted by the evidence, and if the verdict returned by the jury was in fact excessive. In all of these cases the court required the entry of a remittitur as a condition precedent to affirmance. It

was said that the type of instruction above referred to may well have induced the excessive verdict. In these cases the instructions were given at the request of the plaintiff. The court found that the verdict actually returned was excessive, and from that conclusion reasoned that the instructions in question may have influenced the excessive verdict. The rule of I.C.R.R. Company v. Minor, condemning reference in an instruction to the amount sued for, necessarily applies only when the verdict actually returned is excessive. That this is so is illustrated by G. & S. I. R. R. Company v. Nelson, 82 Miss. 653, 35 So. 158 (1903), where the plaintiff sued the railroad for personal injuries. He obtained only one instruction, which told the jury that if it believed from the evidence that the defendant's porter threw or pushed plaintiff from the train and plaintiff was injured, then the jury should find for plaintiff and assess damages in such sum as they believed from the evidence he had been damaged ''not to exceed the sum of $5,000.'' The jury returned a verdict for plaintiff for $500. The court held that this was not excessive, and in affirming the judgment, it was said, ''It is over-nervousness to see danger to the defendant'' in an instruction of this sort.

In 2 A. L. R. 2d 454 (1948) is an extensive annotation on cases dealing with instructions mentioning or suggesting specific sums as damages. The majority rule is as stated in the Nelson case. 2 A. L. R. 2d 461. Moreover, the general rule, recognized in Dennis and Nelson, is that an instruction mentioning a specific sum as a maximum limit of recovery is not reversible error where the verdict is not excessive. 2 A. L. R. 2d 471; 15 Am. Jur., Damages, Sec. 371.

Conversely, an instruction is not erroneous which advises the jury, as do the above quoted ones granted appellee, that it must consider all of the evidence, that it is the sole judge of the amount of damages to be granted, and that if it finds proper and believes from the evidence that plaintiff is entitled only

to nominal damages, then it can so find, provided, however, that a verdict for nominal damages is not against the great weight of the evidence. If a verdict returned by a jury under an instruction of this nature were wholly unsupported by the evidence, the Court would be warranted in concluding that the instruction on nominal damages was prejudicial error. 15 Am. Jur., Damages, Section 372, p. 812; Blackburn v. Alabama G. S. R. Company, 143 Ala. 346, 39 So. 345 (1905); Baltimore & Ohio R. R. Company v. Boyd, 67 Md. 32, 10 Atl. 315 (1887); Coupe v. Royer, 155 U. S. 565, 15 S. Ct. 199, 39 L. Ed. 263 (1895); 25 C. J. S., Damages, Section 179, p. 870. However, we do not approve of the reference in the second quoted instruction to a specific sum, but do not think that appellant was prejudiced by it.

 Moreover, the jury was amply advised that under the evidence it could determine the amount of damages to be returned. The two quoted instructions and another granted appellee did that. Appellant obtained six instructions, one of which was a peremptory on liability. One of them told the jury that no special damages were necessary to be shown by plaintiff, but that if the jury found for plaintiff, it could award such exemplary damages in its discretion as under all the facts it saw fit; and another told the jury that Code Section 1059 was intended to award exemplary damages for the speaking of words which by their usual construction are insulting and calculated to lead to a breach of the peace, and that no special damages are necessary to be shown. So considering these instructions together and in the light of the evidence, we do not think that the jury was misled with reference to the amount of damages which it could return. Appellant also complains of an instruction granted appellee which told the jury that they were not authorized to award anything for damages to plaintiff's reputation in the community. However, since plaintiff sought only

exemplary damages and not damages to his reputation or any other special damages, the instruction was proper.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.