[L. A. No. 2382.   Department One.—December 11, 1909.]

## DAISY A. HALE et al., Respondents, v. SAN BERNARDINO VALLEY TRACTION COMPANY, Appellant.

NEGLIGENCE CAUSING DEATH—AMOUNT OF DAMAGES—DISCRETION OF TRIAL COURT AND JURY.—The amount of damages to be awarded for a death caused by negligence is committed first to the sound discretion of the jury, and next to the discretion of the trial judge, who, in ruling upon a motion for a new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict if it be not just.

ID.—REVIEW OF DAMAGES ON APPEAL—DAMAGES OF TWELVE THOUSAND DOLLARS NOT EXCESSIVE.—Upon appeal, the decision of the trial court and jury on the subject cannot be set aside unless the verdict is so plainly excessive as to suggest, at the first blush, passion or prejudice or corruption on the part of the jury. Under the circumstances of this case, a verdict of twelve thousand dollars in favor of the widow and infant child of a man who was killed at the age of twenty-six years, and who was then earning seventy-five dollars a month, will not be set aside on the ground that it is excessive.

ID.—DEATH OF HUSBAND AND FATHER—LOSS OF SOCIETY AND CARE—ADDRESS OF ATTORNEY TO JURY.—In determining the financial loss to the widow and infant child, resulting from the death of the husband and father, the jury may consider the financial loss accruing from the deprivation of the society, comfort, care, and protection of the deceased, as well as of his support; and counsel, in addressing the jury, may comment upon the probable pecuniary privations resulting therefrom.

ID.—MISCONDUCT OF ATTORNEY—STATEMENT AS TO ADMISSION OF CAUSE OF DEATH.—In an action to recover damages for a death alleged to have been caused through the operation of an electric car by the defendant "carelessly, negligently and recklessly," and the form of the denials in the answer leave it doubtful if there is a good denial of that allegation, it is not misconduct warranting a reversal for the

attorney for the plaintiff, in addressing the jury, to remark that the defendant admitted having caused the death in a reckless, careless, and negligent manner, where the attorney for the defendant merely excepted to the remark, and neither asked the intervention of the court to caution the jury, nor referred to the pleading in any way.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Gibson, Trask, Dunn & Crutcher, and Leonard & Surr, for Appellant.

Charles L. Allison, and Frank B. Daley, for Respondents.

SHAW, J.—This is an action by the widow and child of Edward A. Hale, deceased, to recover damages for his death, which was caused by the negligence of the defendant.

The answer admitted that the death of Hale was caused by the defendant's negligence and denied only the damages. The amount of damages was the sole issue of fact to be determined. The jury returned a verdict for twelve thousand dollars as damages and judgment was rendered accordingly. The defendant moved for a new trial on the grounds: 1. That the damages allowed were excessive; and, 2. That plaintiff's attorneys were guilty of misconduct in their addresses to the jury. The motion was denied. The defendant appeals from the order and from the judgment.

1. The deceased was twenty-six years of age at the time of his death. He was in good health and of sound constitution and his expectancy of life at that age was thirty-eight years. He was sober, industrious, and economical, had always been a man of good habits, of unquestioned honesty and integrity, devoted to his wife and child, affable and of kindly disposition, one who easily made friends and kept them. At the age of nineteen he began work in the city of San Bernardino as salesman in the cigar and magazine business, where he continued two years. He then became a general clerk in a hardware store, intending to learn the business, and remained in that business until his death. His wages at first were fifty

dollars a month. They were raised to sixty-five and then to seventy-five dollars a month, which amount he was receiving at his death. He was married four years before his death. As a clerk he paid strict attention to his business and had the full confidence of his employers and was considered very well acquainted with the hardware business for one of his experience. The trial court considered the question of excessive damages and concluded that the sum allowed was not unreasonable. The amount of damages in such cases is committed first to the sound discretion of the jury, and next to the discretion of the judge of the trial court, who, in ruling upon the motion for new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict if it is not just. Upon appeal, the decision of the trial court and jury on the subject cannot be set aside unless the verdict is "so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice or corruption on the part of the jury." (*Aldrich* v. *Palmer*, 24 Cal. 516; *Wheaton* v. *N. B. & M. R. R. Co.*, 36 Cal. 591; *Lee* v. *Southern Pacific Co.*, 101 Cal. 118, [35 Pac. 572]; *Howland* v. *Oakland etc. Co.*, 110 Cal. 523, [42 Pac. 983]; *Swan* v. *Fourteenth St. Co.*, 93 Cal. 185, [28 Pac. 829].) The financial loss which the death of a man at the age, character, capacity, and disposition of the deceased might reasonably be expected to entail upon his wife and infant child is not so manifestly insignificant as to bring one inevitably to the conclusion that twelve thousand dollars could not have been given, except under the influence of passion or prejudice. We cannot interfere in the case at bar on the ground of excessive damages.

2. We do not think the arguments of appellant's counsel were so grossly unfair or improper as to require this court to reverse the ruling of the trial court to the contrary. Upon such questions much must be left to the discretion of that court. The judge who tries the cause below, hears the argument, sees the manner of its delivery, observes any outward manifestation of its effect upon the jury, and can determine whether it is unfair and prejudicial in the particular case, much better than can this court upon the bare printed record. The arguments complained of, for the most part, consisted of statements to the effect that a railroad company viewed the death of a person for which it was liable in damages as

a business proposition and estimated the life as not very valuable; that the widow and children of the person killed realized what the man was worth, that they suffered the loss of his society and support and felt what they had lost, that they might because of that loss have to struggle against adversity in a cold world, and that the widow might even have to work at the washtub to earn a living for herself and child. And this was contrasted with the statement that the railroad company "goes on just the same." The jurors were asked to imagine their own wives and families thus deprived of their only hope and support. There were descriptive adjectives added to this account of the widow's possible condition that may have added to its effect. It has been frequently held that, in determining the financial loss to the widow and infant child, resulting from the death of the husband and father, the jury may consider the financial loss accruing from the deprivation of the society, comfort, care, and protection of the deceased, as well as of his support. (*Beeson* v. *Green etc. Co.,* 57 Cal. 37; *Munro* v. *Pacific etc. Co.,* 84 Cal. 525, [18 Am. St. Rep. 248, 24 Pac. 303]; *Pepper* v. *Southern Pacific Co.,* 105 Cal. 402, [38 Pac. 974]; *Harrison* v. *Sutter Co.,* 116 Cal. 169, [47 Pac. 1019]; *Dyas* v. *Southern Pacific Co.,* 140 Cal. 308, [73 Pac. 972]; *Quill* v. *Southern Pacific Co.,* 140 Cal. 273, [73 Pac. 991].) The plaintiffs' counsel had the right to address the jury upon this question and in doing so to picture to the imagination the probable pecuniary privations and condition of the bereaved widow and child resulting from the absence of the supporting care and protection of the deceased. Unless the right of argument is to be restricted to a much greater degree than has been heretofore considered necessary or advisable, there can be no just complaint of the argument we have stated. It seems to have been directed to the question at issue and to have been confined to the elements of damage allowed by law.

In another part of his argument plaintiffs' counsel, speaking of the admissions of the answer, said: "They have confessed to you that they and their agents and employees did in a reckless, in a careless and in a negligent manner deprive Edward A. Hale of his life." The complaint alleged that the defendant's car in which deceased was riding "was carelessly, negligently and recklessly operated, and was carelessly, negli-

gently and recklessly" caused to strike another car, thereby causing Hale's death. The answer admitted that the collision mentioned was caused "by the negligence of the motorman in charge of defendant's car" and then stated: "Except as herein admitted, said defendant denies that the said accident was caused or occasioned by any fault or negligence upon its part." During the plaintiffs' opening statement defendant's counsel objected to the plaintiffs' counsel stating how the accident occurred, on the ground "that there was no issue presented by the answer on the question of the liability of the defendant." If there was an admission that the collision in which the deceased was killed was caused by the reckless conduct of the employees of the defendant, of course there could be no misconduct of the plaintiffs' counsel in stating that admission to the jury. The form of the answer, in connection with the above remark of the attorney for the defendant at the opening of the trial, certainly left the extent of the admission in doubt, if it did not go so far as to concede the recklessness of the defendant's employees. Under these conditions, if counsel desired to claim that the denial was broad enough to include the averment of recklessness, he should have called the attention of the court and opposing counsel to the point. There is nothing to show that plaintiffs' counsel was not acting in good faith, or that he was purposely misstating the admission. The attorney for the defendant merely "excepted" to the remark, neither asking the intervention of the court to caution the jury, nor referring to the pleadings in any way. It does not appear that he asked any instruction on the subject of the alleged misstatement nor that the jury was not properly instructed in regard to it. In view of all the facts we do not think the point should be considered on appeal.

The judgment and order are affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.