[Civ. No. 2004.   Third Appellate District.—July 28, 1919.]

EDITH LEACH, Appellant, v. O. H. KLEIN, Respondent.

[1] NEW TRIAL—EXCESSIVE VERDICT—BASIS OF MOTION.—A motion for
a new trial upon the ground that the verdict is excessive does not
necessarily imply misconduct on the part of the jury, but it does
presuppose that the result has been induced through excited feel-
ings or prejudice of which the jury may not, perhaps, have been
aware, but which has, nevertheless, precluded an impartial con-
sideration of the evidence. The essence of the contention is that a
fair view of the evidence would not lead an impartial mind to the
approval of such a verdict.

[2] ID.—TRESPASSING CATTLE—ACTION FOR DAMAGES—ORDER GRANTING
NEW TRIAL—DISCRETION NOT ABUSED.—In this action for damages
alleged to have been caused by defendant's cattle to plaintiff's fruit
trees and crops, the trial court did not abuse its discretion in
granting a new trial, either upon the ground of newly discovered
evidence, or that the verdict was excessive, appearing to have been
given under the influence of passion or prejudice.

[3] ID. — NEWLY DISCOVERED CUMULATIVE EVIDENCE — QUESTION FOR
TRIAL COURT—REVIEW ON APPEAL.—On a motion for a new trial
on the ground of newly discovered evidence, which is merely
cumulative, the question for the trial court to determine is whether
the evidence is of character probably to affect the result
on a new trial; and unless the evidence be of such a character as
to make it manifest and certain to the appellate court that in one
case it would, or in the other that it would not, result differently
on retrial, the order of the trial court granting or denying the
motion for a new trial will not be disturbed.

[4] ID.—EXERCISE OF DILIGENCE—PROVINCE OF TRIAL COURT.—Whether
in a given case the evidence could with reasonable diligence have
been discovered and produced at the trial is a question upon
which the judgment of the trial court must be regarded as con-
clusive, unless it appear that its discretion has been abused.

[5] ID.—PROVINCE OF TRIAL COURT—REVIEW OF EVIDENCE—DISCRETION—
APPEAL.—In deciding a motion for a new trial, the trial court has
large discretionary power, and its order denying or granting such
motion will not be reversed on appeal unless an abuse of discretion
appear. In considering the evidence upon such motion, the trial
court has power to draw inferences from the evidence opposed to
those which were drawn by it upon the trial, provided they are

3. Cumulative evidence as ground for new trial in civil cases,
note, L. R. A. 1916C, 1162.

not unreasonable; and where the order granting the motion for a new trial is general in its terms, the appellate court must uphold it if any ground upon which it might have been granted is supported by the record.

APPEAL from an order of the Superior Court of Tulare County granting a new trial. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

John T. Fuller for Appellant.

D. E. Perkins for Respondent.

BURNETT, J.—The action was for damages alleged to have been caused by defendant's cattle to plaintiff's fruit trees and crops and the jury rendered a verdict in her favor for $1,250. A motion for a new trial was made by defendant on the grounds of newly discovered evidence, and that the verdict was excessive, appearing to have been given under the influence of passion or prejudice, and the motion was granted by the trial judge in the following language: "Said motion having heretofore been argued and submitted for decision; now, at this time the court having duly considered the law and the evidence and being fully advised of its opinion therein, doth order that said motion for a new trial be and is hereby granted."

The appeal is by the plaintiff from said order.

Plaintiff owned a tract of land of 14.84 acres, ten of which she claimed was under cultivation. This tract was fenced and was surrounded by a larger tract used as a cattle range, which was rented by defendant. It is claimed by plaintiff that the damage was caused between May 20, 1917, and June 10th of that year. Defendant contends that he took his cattle away from this pasture on May 20, 1917, and that they were not in that vicinity thereafter. No one testified to have seen any cattle on plaintiff's premises, the plaintiff herself being absent from the place at that time. However, there is sufficient evidence to justify the conclusion that the damage was caused as alleged in the complaint. In addition to the defense that his cattle were not in the vicinity at the time and could not, therefore, have caused the damage to plaintiff's property, defendant endeavored to show that the extent of the injury was grossly exaggerated

by plaintiff, but there is substantial support in the record for the amount of the verdict.

In support of her theory that defendant was responsible for the damage, plaintiff testified to a conversation with him in which she claims he admitted that it must have been his cattle that trespassed upon her land. As to this point, she relied, in her case in chief, upon that admission. In opposition to this showing defendant gave an entirely different version of the conversation and, furthermore, testified that the cattle were taken away as before indicated. In rebuttal, plaintiff called a witness, L. McClary, who testified that "along the last of May—the last days of May," he saw in said pasture "about eighty, close to one hundred head of red and white-faced cattle, just as testified by Mr. Klein." It is claimed by respondent that after the testimony of McClary, the former had no opportunity "to consult his witnesses as to exact dates," and that "the testimony of McClary was particularly damaging and undoubtedly influenced the jury largely in their verdict. It was totally unexpected because he had been on the stand in plaintiff's main case and had testified that he was at plaintiff's land on July 1st, when he saw cattle on the pasture. If true, his testimony was of vital importance. If successfully contradicted it leaves plaintiff without any evidence whatever that defendant's cattle were in a locality where they could have caused the damages complained of." In consequence of the foregoing situation defendant upon his motion for a new trial introduced the affidavits of himself, John W. Hewey, George Guinn, and Henry Bellah. In his own affidavit he avers that he was taken by surprise by said testimony of "L. C. St. Claire [meaning, no doubt, L. C. McClary] because he had removed his cattle from said field about May 20, 1917, and had not returned them thereto, and had no reason to suppose that his testimony to that effect would be controverted; that he files herewith the affidavits of John W. Hewey, George Guinn, and Henry Bellah, each of whom swears that defendant's cattle were not in said pasture adjoining plaintiff's land on or after May 27, 1917; that affiant could not with reasonable diligence have produced this evidence at said trial because the evidence of said St. Claire [McClary?] was given in rebuttal and at the end of said trial and affiant had no opportunity to talk with any of said witnesses or to learn from them

what they knew in regard to said matter; that he had not talked to them previously because he had no reason to believe, or did not believe, that the evidence of himself and Karl B. Klein that said cattle were removed from said pasture on May 20, 1917, would be controverted or disputed.'' It may be added that said affidavits of Hewey, Guinn, and Bellah are in effect as claimed by respondent in the foregoing.

The objection to the consideration of these affidavits made by appellant is that sufficient diligence is not shown therein and that said evidence would be merely cumulative. As to diligence, it may be said, that it is a comparative term and in its determination much is left to the discretion of the trial court. No doubt, many persons, in the situation of respondent would have been more alert to secure all the available evidence to support the defense. It also seems somewhat singular that respondent should not anticipate that his testimony as to the removal of the cattle would be controverted, since it related to a circumstance that was vital to appellant's case. It is generally supposed that a plaintiff expects to offer evidence to sustain the material allegations of his complaint, and every careful lawyer would advise his client to be prepared for that situation. Still, we are not prepared to say that it would be an abuse of discretion under the circumstances for the trial court to hold that respondent was excusable for not producing said witnesses at the trial. The trial judge might be satisfied that the verdict was unjust, and that a different result would follow if said witnesses gave their testimony. In that event, he should be liberal in construing the conduct of the moving party in order that justice might prevail.

Nor is it a sufficient objection that the proposed evidence would be cumulative. As to this, the test is whether it would probably change the result. No one could with certainty say whether it would produce a different verdict from a jury, and it might be difficult for anyone to determine whether it would *probably* do so, but the trial judge is in a better position than anyone else to determine that question, and, assuredly, in a case like this it cannot be said that he abused his discretion if he concluded that the testimony of these three persons would likely turn the scales in favor of respondent.

Again, the trial court may have believed that, while plaintiff was entitled to receive something for the damage suffered by her, the amount awarded by the jury was entirely disproportionate to the actual loss. If so, the plaintiff might have been put to an election to remit a portion of the amount with the alternative of a new trial, or the motion could be granted on the second ground specified. [1] This ground, indeed, does not necessarily imply misconduct on the part of the jury, but it does presuppose that the result has been induced through excited feelings or prejudice of which the jury may not, perhaps, have been aware, but which has, nevertheless, precluded an impartial consideration of the evidence. (*Harrison* v. *Sutter St. Ry. Co.*, 116 Cal. 162, [47 Pac. 1019].) The essence of the contention is that a fair view of the evidence would not lead an impartial mind to the approval of such a verdict. In effect, it means that the verdict is not fairly supported, and if the court granted the motion, its action could be interpreted as signifying "that the trial court was not satisfied that the finding of the jury as to the extent of the damage suffered by the plaintiff was supported by the evidence adduced upon that phase of the case." (*Meinberg* v. *Jordan*, 29 Cal. App. 762, [157 Pac. 1006].)

We can readily understand how the lower court might have so regarded the case. While, as before stated, there is support in the record for the verdict, the evidence consists entirely of the opinion of plaintiff and another witness, and the former admitted that her opinion was somewhat arbitrary. We can understand also how the trial judge might have greatly discounted that opinion and made an allowance for exaggeration, which self-interest is likely to produce. In fact, to one living in another part of the state it seems rather startling that land in Tulare County worth $125 per acre should be increased to the value of four hundred dollars by the addition of fig trees, fifteen months' old. It is true that no witness on behalf of defendant expressed an opinion as to how much the value would be depreciated by the destruction of the trees, but facts were disclosed from which a reasonable inference would follow that the award was at least twice as great as it should have been. [2] We do not deem it necessary to set out the evidence specifically, but we think it sufficient to say that

after a careful reading of the transcript we are satisfied the lower court did not abuse its discretion in granting a new trial, whether upon the first or second ground or both.

Of course, the principle that must govern us in the determination is well settled and hardly needs restatement.

[3] We may, though, in closing, make the following quotations from the decisions of the supreme court in *Oberlander* v. *Fixen & Co.*, 129 Cal. 692, [62 Pac. 254], and *Mercantile Trust Co.* v. *Sunset etc. Oil Co.*, 176 Cal. 456, [168 Pac. 1033]. In the former it is said: "Hence, where the motion is denied, the fact that the newly discovered evidence is merely cumulative will in general be a sufficient ground for affirmance; but where the motion is granted, the contrary will hold. For, in either case, it is for the trial judge to determine whether the evidence is of character probably to affect the result on a new trial; and unless the evidence be of such a character as to make it manifest and certain to this court that in one case it would, or in the other that it would not result differently on retrial, the order will not be disturbed. . . . [4] Whether in this case the evidence could with reasonable diligence have been discovered and produced at the trial was also a question upon which the judgment of the court below must be regarded as conclusive, unless it appear that his discretion has been abused."

[5] In the latter this is found: "In deciding a motion for a new trial the court below has large discretionary power. Its order denying or granting such motion will not be reversed on appeal unless an abuse of discretion appear. In considering the evidence upon such motion that court has power to draw inferences from the evidence opposed to those which were drawn by it upon the trial, provided they are not unreasonable. The order granting the motion for a new trial was general in its terms. It did not specify the reasons upon which the motion was granted. This court must uphold the order if any ground upon which it might have been granted is supported by the record."

We think within the purview of the foregoing the action of the lower court should not be interfered with and the order is affirmed.

Hart, J., and Chipman, P. J., concurred.