[Civ. No. 3272. Second Appellate District, Division Two.—May 24, 1921.]

WALTER HARP, Appellant, v. CLIFFORD C. PEASE, Respondent.

[1] NEW TRIAL—EXCESSIVE DAMAGES—ASSUMPSIT.—A trial court has authority under subdivision 5 of section 657 of the Code of Civil Procedure to grant a motion for a new trial upon the ground of excessive damages in an action in *assumpsit* for money had and received, since the action is one to recover damages for the breach of an implied contract, and it is declared by section 3281 of the Civil Code that every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called "damages."

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wright & McKee for Appellant.

C. C. Pease and A. T. Roark for Respondent.

CRAIG, J.—The action is in *assumpsit* for $597.76 for money had and received. Defendant, by way of counterclaim, alleges a contract of employment of himself by plaintiff and a breach of the contract in that the services rendered had not been paid for. The jury returned a verdict for the plaintiff for the sum of $354.50. Defendant moved for a new trial on all of the statutory grounds. The court set aside the verdict of the jury and granted the motion for a new trial. The order indicates that among other grounds, it is based upon "excessive damages appearing to have been given under the influence of passion or prejudice." From this order the plaintiff appeals.

[1] It is urged that the action is not one to recover damages within the meaning of subdivision 5 of section 657 of the Code of Civil Procedure, and that the trial court had no authority to grant the motion under that subdivision. Appellant cites no authorities to sustain his contention. Robinson on Elementary Law, section 262, defines an action in *assumpsit* as one to recover damages for the breach of an implied contract, etc. Among other implied contracts there mentioned is that of money had and received which the same author defines as "an agreement of one who receives another's money, without giving valuable consideration for it, to pay it over to that other on demand." These elementary principles are sufficient to establish the proposition that the action in the case at bar is for damages. The legislature has seen fit in the code section above mentioned to provide that a new trial may be granted, among other grounds, upon that of "excessive damages appearing to have been given under the influence of passion or prejudice." It is doubtless true that in the great majority of cases where this ground for a new trial is relied upon, the action sounds in *tort*, yet, in the absence of any language in the code section itself which could properly be construed as indicating such an intention upon the part of the legislature, we would be going far, indeed, to exclude from the

scope of the word "damages" all reference to damages arising from breach of contract. Section 3281 of the Civil Code defines damages in the following provision: "Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called 'damages.'" Section 3300 of the Civil Code provides: "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." In the absence of some suggestion in some expression of the legislature to indicate that in enacting subdivision 5 of section 657 of the Code of Civil Procedure it intended to subtract from the content of the word "damages," as elsewhere used in the codes, all such damages as occur by reason of a breach of contract, it cannot be said that such a limitation was contemplated.

It is stated in 29 Cyc. 843: "In actions for breach of contract, or for injuries for the detention of property, where there is a definite measure of damages, new trials will be more readily granted on the ground of excessive recovery." This editorial comment is not quoted from any particular case, but from the author's conclusions from a review of many decisions.

It is not necessary to consider other grounds or to decide whether or not the order of the court was adequate if based upon insufficiency of evidence to justify the verdict. The trial court had the right, in its discretion, to grant the order upon the ground that the damages were excessive. (*Ingraham* v. *Weidler,* 139 Cal. 588, [73 Pac. 415]; *Davis* v. *Southern Pac. Co.,* 98 Cal. 13, [32 Pac. 646]; *Etchas* v. *Orena,* 121 Cal. 270, [53 Pac. 798]; *Anglo-Nevada Assur. Society* v. *Ross,* 123 Cal. 520, [56 Pac. 335].) The record shows no abuse of this discretion.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.