[S. F. No. 12177. Department One.—June 25, 1928.]

MARY LAHTI, Respondent, v. WILLIAM McMENAMIN, Appellant.

416

Kelby & Lawson, Leon French, Samuel M. Garroway and L. J. Styskal for Appellant.

Charles O. Bruce, F. V. Cornish, Elliott Johnson, Ford, Johnson & Bourquin and Cornish & Cornish for Respondent.

CURTIS, J.— Plaintiff, while crossing East 12th Street near its intersection with 22d Avenue, in the city of Oakland, was struck by an automobile driven by the defendant. As a result of the collision she received bodily injuries, and thereafter instituted this action to recover damages for the injuries so sustained. The defendant, as a defense to plaintiff's action, set up contributory negligence on plaintiff's part as the proximate cause of her said in-

juries, and alleged that "while plaintiff was at all times south of the center line of East 12th street, plaintiff carelessly, recklessly, and without regard to her own safety and protection, was facing and looking in a north-easterly direction, and as a result thereof, plaintiff walked into, and was struck by the rear end of defendant's machine." The plaintiff claimed, and so testified, that at the time of the collision she was north of the center line of said street, and that defendant was traveling on the wrong side of said street, and while so traveling on the wrong side of said street struck and injured her. The evidence was conflicting as to whether the accident actually happened to the north or the south of the center line of said street. The case was tried before a jury and its verdict was in favor of plaintiff. Therefore the jury impliedly, at least, found that the collision occurred on the north side of the street. It is admitted that defendant approached the point where the collision occurred from a westerly direction. In view of the finding of the jury just referred to, and this admission, it is apparent that defendant was traveling from a westerly direction on the wrong side of the street at the time his machine collided with plaintiff. Under these facts there can be no question as to defendant's negligence.

█ The court, at the request of the plaintiff, gave the following instruction: "If you find from the evidence in this case that the plaintiff, when struck by defendant's automobile, had reached a point in her attempt to cross East 12th street on the northerly half thereof and at a point where vehicles operating in accordance with the provisions of the Motor Vehicle Act would be reasonably expected to proceed from an easterly direction, then I instruct you that you cannot find the plaintiff guilty of contributory negligence because she, at that point, failed to look in a westerly direction or failed to anticipate the unlawful use of the streets by any other person." Defendant contends that in so instructing the jury the court committed error in that it took away from the consideration of the jury the question as to whether plaintiff was guilty of contributory negligence as alleged in defendant's answer. We do not think this contention of defendant can be sustained. As will be noted from the excerpt of de-

fendant's answer above quoted, defendant's only plea of contributory negligence went to plaintiff's failure to look to her left, or in a westerly direction, being the direction from which automobiles or other vehicles might lawfully approach her as she crossed the south half of said street. The instruction complained of made no reference to plaintiff's failure to look in a westerly direction while crossing that portion of said street south of the center line thereof, but referred exclusively to her failure to look westerly for approaching vehicles after she had passed the center line of said street and while she was crossing the north half of said street. Had the jury believed that she was south of the center line of said street at the time she was struck by defendant's machine there is nothing in the foregoing instruction which would have prevented them, or which would in any way have influenced them, from considering defendant's claim that her failure to look westerly as she crossed this portion of the street was the proximate cause of her injury. Whether the instruction contained a correct statement of the law applicable to plaintiff's actions after she crossed the center line of said street need not here be decided, and we expressly refrain from passing upon this question, but even if erroneous it did not prejudice defendant's defense of contributory negligence pleaded in his answer.

It is next contended by defendant that the damages were excessive. The verdict of the jury was for $16,312.10, being the entire amount prayed for. It was stipulated that the expenses incurred by plaintiff for services of physician and for hospital and other expenses of a like character were the sum of $1,312.10. This would leave $15,000 for general damages.

"The amount of damages in such cases is committed first to the sound discretion of the jury and next to the discretion of the judge of the trial court, who, in ruling upon the motion for new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict if it is not just. Upon appeal the decision of the trial court and jury on the subject cannot be set aside unless the verdict is 'so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice or cor-

ruption on the part of the jury.' '' (*Hale* v. *San Bernardino etc. Co.*, 156 Cal. 713, 715 [106 Pac. 83, 84].)

After reviewing the evidence in this case we are satisfied that the verdict in plaintiff's favor is not "so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice or corruption on the part of the jury." The plaintiff, by reason of the collision, received a fractured skull. For two days thereafter it was doubtful whether she would survive her injuries. For twelve days she was unconscious, and thereafter she gradually regained consciousness. The fracture was what is known as a depressed fracture, and necessitated the use of a trephining operation. She remained in the hospital a number of weeks, but at the time of leaving had not regained her normal mentality. She resumed her former employment, but her employer testified that she had not the memory she had before the accident, and that she forgot directions and a good deal of her work had to be done over again. The plaintiff attended night school some six months after recovering from her injuries, and the teacher at the school testified that plaintiff did not make any progress and that she could not retain anything or follow the simplest directions. Defendant contends that this evidence did not prove that plaintiff had sustained any permanent injury, for the reason that it all went to the condition of plaintiff immediately after the receipt of her injuries or within six months thereafter, and was not sufficient to prove her condition at the time of the trial of said action, some eighteen months thereafter. In addition to this evidence there was the testimony of an intimate friend of plaintiff that the latter was at the house of said friend for over three months after the accident, and that during that time plaintiff was partly out of her mind, and that while she had improved she was not normal even at the time of the trial. We think this evidence sufficient to support the conclusion at which the jury evidently arrived, that plaintiff had, as a result of the accident, sustained permanent injuries which seriously and materially disqualified her from performing the duties which she was able to perform prior to the time she met with said accident.

■ Defendant suggests a number of circumstances happening during the trial which, he contends, had the effect of improperly influencing the jury to render the verdict in the amount specified, and which he claims was excessive. The first of these was an instruction of the court to the effect that the jury might, after considering all the elements contributing to plaintiff's damage, "resolve what sum will fairly compensate her for the injury and loss, if any, sustained by her; *not exceeding, however, the amount prayed for in the complaint, to-wit, sixteen thousand three hundred and twelve and 10/100 ($16,312.10) dollars."* That portion of the instruction italicized is the portion to which defendant particularly objects. An instruction of this character is usually given in negligence cases, and it is difficult to understand how a jury in such cases can be properly instructed by the court without employing language similar to that used by the court in the instruction complained of. There could be no error, therefore, in so instructing the jury. If the defendant desired the jury further instructed to the effect that the amount named therein did not necessarily furnish any criterion for the amount of their verdict, it was his duty to ask for such qualifying instruction, and not having done so he cannot be heard to complain that it was not given. (*Treadwell* v. *Nickel,* 194 Cal. 243, 263 [228 Pac. 25].) While it was held that the giving of such an instruction is error in *Alabama & V. Ry. Co.* v. *Dennis,* 128 Miss. 298 [91 South. 4], the weight of authority is to the contrary. (*Van Meter* v. *Gurney,* 240 Ill. App. 165; *Stahl* v. *St. Louis-San Francisco Ry. Co.* (Mo. App.), 287 S. W. 628; *Chesapeake & Ohio Ry. Co.* v. *Carnahan,* 241 U. S. 241 [60 L. Ed. 979, 36 Sup. Ct. Rep. 594]; *Norfolk & Western Ry. Co.* v. *Earnest,* 229 U. S. 114 [Ann. Cas. 1914C, 172, 50 L. Ed. 1096, 33 Sup. Ct. Rep. 654, see, also, Rose's U. S. Notes].) We cannot say what influence the giving of this instruction had upon the minds of the jury, but so long as the instruction was one which the court might properly give to the jury, the giving thereof could not legally prejudice any of the rights of the defendant.

■ Another circumstance occurring during the trial which the defendant claims influenced the jury in render-

ing a verdict which was excessive was the asking by plaintiff's counsel of a number of the witnesses whether they detected intoxicating liquor on defendant's breath at the time of the accident. These witnesses all answer this question in the affirmative. Defendant makes no claim that this evidence was not material to the issues involved herein. His only contention is that the jury was improperly influenced by testimony which was entirely proper. We feel that but little weight can be given to this argument.

The further circumstance which defendant contends improperly influenced the jury in rendering a verdict deemed by him as excessive is that the evidence shows that two representatives of an insurance company visited the scene of the accident with one of defendant's witnesses a few days following the accident. Here again defendant makes no claim that this evidence was erroneously admitted, but relies upon what he contends is a well-established fact, that juries are often influenced in the size of their verdicts in negligence cases where they are advised that the defendant has insurance to protect him against any verdict that may be rendered against him. We are not disposed to dispute defendant's contention that juries are on occasions so influenced, and the rules of evidence are so framed to exclude any direct evidence of such matters. But when the fact that defendant carries insurance is properly brought to the knowledge of the jury, either by the evidence on the part of the defendant, or indirectly in connection with proof of some material fact in the case, we know of no rule of law that empowers any court to set aside the jury's verdict upon the assumption that such evidence might have influenced the jury in rendering a verdict which was excessive in amount. If the verdict of the jury is excessive, then it should be set aside by the court, no matter what may have prompted the jury in the rendition thereof. On the other hand, if the verdict is not excessive, as we have held to be the case in this action, then it should be sustained notwithstanding the fact that there is evidence in the record which might have tended to influence the jury in allowing excessive damages. The fact that the verdict is not excessive is conclusive proof

that the jury were not improperly influenced by such evidence. We find no valid reason for disturbing the judgment herein, and for that reason it is affirmed.

Preston, J., and Seawell, J., concurred.