[S. F. No. 14200.   In Bank.—July 13, 1931.]

HOWARD F. WARE, a Minor, etc., Respondent, v. CHARLES McPHERSON et al., Appellants.

Treadwell, Van Fleet & Laughlin for Appellants.

Vincent W. Hallinan and James J. Roach for Respondent.

PRESTON, J.—This case is appealed upon the sole ground that the verdict of the jury, awarding plaintiff $3,000 damages for personal injuries received when hit by defendants' automobile, is excessive. Defendants claim that the trial court erred in denying their motion for new trial based upon the above contention and asked for a reversal of the judgment entered upon said verdict or for reduction of the award.

It is elementary that in such cases as this the amount of damages is committed first to the sound discretion of the jury and next to the discretion of the trial judge in ruling upon the motion for new trial. Upon appeal their decision cannot be set aside unless the verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts as to shock the sense of justice and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment; that is, unless the verdict is so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice or corruption on the part of the jury (*Martin* v. *Shea,* 182 Cal. 130, 139 [187 Pac. 23]; *Hale* v. *San Bernardino etc. Co.,* 156 Cal. 713, 715 [106 Pac. 83]; *Lahti* v. *McMenamin,* 204 Cal. 415, 419 [268 Pac. 644]).

We are of the opinion that in fixing the verdict in this case the jury were moved by none of the above elements and that their discretion and that of the trial court was properly exercised under the conflicting evidence adduced upon the subject of the extent and permanence of plaintiff's injuries. We shall, therefore, close this discussion with a brief statement of plaintiff's injuries and the severity of his experience as shown by some of the competent evidence

which appears in the record in sufficient support of the action of judge and jury.

There is evidence that after being hit plaintiff was carried some fifty or more feet on the fender of defendants' car going at a speed approximately thirty to thirty-five miles an hour; that he suffered a severe shock, was injured at the knee and in addition had several cuts on both legs, a large cut over one eye, with chest, arm and nose hurting and the nose, arm and eye bleeding. Plaintiff testified that he still felt the effect of these injuries; that his knee continued to and still did bother him to some extent; that it hampered his athletic work while in high school until he finally gave it up. He further testified that although his nose was straight before the accident it is now enlarged and has a hump on it and he has difficulty at times in breathing. This difficulty, a physician testified, was due to a healed fracture and deviated septum, which could be rectified only by an operation. Medical testimony was also admitted to corroborate plaintiff's claim that he had since the accident been in a run-down and nervous condition, under normal weight, subject to headaches and inability to concentrate at his work.

It is not necessary to review the record further. As above stated, we find ample evidence which, if believed by the jury, constituted sufficient support for the verdict rendered.

The judgment is affirmed.

Richards, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.