[Civ. No. 7859. Second Appellate District, Division Two.—June 28, 1933.]

GEORGE J. DOOLEY et al., Respondents, v. WEST AMERICAN COMMERCIAL INSURANCE CO. (a Corporation), Appellant.

Rex Hardy and Vernon W. Hunt for Appellant.

Abbott & Ashton for Respondents.

ARCHBALD, J., *pro tem.*—The complaint herein alleged in substance that defendant Carl C. Vianelli was the agent of the defendant corporation, and that while acting in that capacity he assaulted the plaintiff Neva Dooley, injuring her. From a judgment in favor of plaintiffs the corporation has appealed.

Appellant contends that (1) the evidence is totally insufficient to prove that at the time of the alleged assault Vianelli was in its employ or acting as its agent, (2) that irrespective of what the evidence shows as to agency, it does not show that appellant was liable for the assault by Vianelli, and (3) that the amount of the judgment is excessive.

Neva Dooley parked her car in the street at a neighbor's, left the ''switch key'' therein and started up the steps to the neighbor's home. As she was about halfway up the porch steps she saw a man get into the car, afterwards identified as the defendant Vianelli. She thereupon ran to the curb and jumped on the running-board of the car. The alleged assault occurred while the car was being driven some three blocks, evidently in an attempt to force her to get off the vehicle. Mrs. Dooley, however, was able to steer the car into a service station, where she was joined by her husband. At this service station Vianelli presented plaintiffs with a card, introduced as exhibit No. 1, on which appeared the following:

> ''Complete Automobile and Casualty Cove – – ge.
> West American Commercial
> Insurance Company.
> . I. W. Langeloh        Trinity 6681
> Claims Department   201 Roosevelt Building
> Los Angeles.
> by Carl C. Vianelli.''

The last line was in pencil, the balance of the card being printed. Defendant corporation refused to stipulate to the agency of Vianelli and objected to any conversation had with plaintiffs on the ground that the same was incompetent, irrelevant and immaterial, hearsay and no foundation laid. The court, on promise that the agency would be shown, permitted the conversation to be detailed. Vianelli asked the husband if he was Mr. Dooley, to which the latter replied: ''Yes; what is coming off here?'' Mrs. Dooley then said: ''This man is stealing the car,'' to which Vianelli replied: ''No, I am not. I am a representative of the West American Insurance Company, and I am repossessing the car.'' Mr. Dooley then asked Vianelli to identify himself as the man named on the card, which he did by producing an American Legion card. The automobile was then taken

to the garage of one H. D. Tapley, by Vianelli and Mrs. Dooley, where Vianelli presented a tag to Tapley which on one side contained a check of the car equipment and on the reverse side the following:

"West American Commercial Insurance Co. 201 Roosevelt Bldg. Los Angeles Telephone Trinity 6681

Claim No. 27927     No. 2071

Geo J. Dooley—C D C

Assured

11941     1609 Worthington Ave.

Dealer

| | Make | |
|---|---|---|
| A 533–526 | Ford Cpt. | 3 N 2903 |
| Motor No. | | License No. |

"This automobile is stored with you for our account. Deliver same only upon our order or the surrender of other part of this check.

"Placed in Storage by     (Signed)

"CARL E. VIANELLI."

The witness Tapley testified that on the day the car was taken from the garage, and the storage, gasoline and oil paid for, he was given another tag, which also contained a check of the car equipment and description of same as on the first card, but in lieu of the storage order contained on the first tag was the following:

"Place of Storage

"Upon payment of your charges, this authorizes you to deliver to bearer the above mentioned automobile, and this will act as our receipt for the same.

"WEST AMERICAN COMMERCIAL INSURANCE Co.

"By (Signed) CARL C. VIANELLI

"Receipt must be signed by authorized agent of this Company."

With regard to the second tag Tapley testified: "It is a part of the same card, I suppose. They correspond in number and also in tear." The car was evidently not taken from the garage by Vianelli, but by "a man with a star".

In buying the car on installment payments, and when he was given the machine, Dooley was handed an "Instalment Coupon Book" which requested him to make payments "without notice" to "Commercial Discount Company,

201 Roosevelt Building'', Los Angeles, which, it is to be observed, is also the address of appellant as given on the cards and tags above mentioned. The coupon-book also contained, immediately after the last coupon, the following:

''Lest You Forget

'' . . . the renewal date of your insurance policy is near at hand.

'' . . . to act now on this reminder with instructions to us for its renewal will insure continuous protection.

'' . . . it has been a privilege to serve you in the past, and we will value the opportunity to continue as your source of protection.

'' . . . May we have your renewal instructions now that you will be certain of continuous protection.

''West American Commercial Insurance Co.

Home Office, Roosevelt Building, Los

Angeles.''

There is evidence from which it might be concluded that Dooley was in default in his payments and had changed his place of residence.

At the trial the defendant corporation presented some five witnesses for the purpose of testifying as to the character of plaintiffs. Most of them testified that the reputation of Mr. Dooley for truth, honesty and integrity in the community in which he lived was bad, but they did not testify as to that of Mrs. Dooley, and the court remarked, in summing up the case: ''We are concerned primarily with the testimony, of course, of Mrs. Dooley and not Mr. Dooley.''

■ (1) Unquestionably the mere declaration of a person that he is the agent of another is not, in and of itself, competent evidence of the agency, unless made in the presence of, or communicated to and acquiesced in by, the principal. (*Union Construction Co.* v. *Western Union Tel. Co.*, 163 Cal. 298 [125 Pac. 242].) Where, however, *prima facie* evidence of such agency is shown, such declarations are admissible. (*Union Const. Co.* v. *Western Union Tel. Co.*, *supra.*) In the case cited it was held that where one had called defendant's office by telephone and in answer to his

inquiry was told that it was the office of defendant, there was *prima facie* proof "that the person answering was the agent of defendant at its said office, employed there by it to receive for it such communications as should come in that manner", and that "all of these conditions were shown to exist upon the trial of the case, either by direct evidence or by fair and reasonable inference, or as matters of judicial knowledge".

In our opinion the evidence in this case, as well as inferences fairly to be drawn therefrom, establishes a *prima facie* case of authority to represent appellant on the part of Vianelli in taking possession of plaintiffs' automobile. It appears therefrom that the contract covering the car belonged to Commercial Discount Company, which company had offices in the same suite with appellant, the insurance carrier of said car; that Vianelli in storing said car, after taking possession, rightfully used tags prepared by appellant for use in repossessing cars insured by it where there was default in payments and apparent "wrongful conversion, embezzlement or secretion" of such property, and that he was acting as the agent of appellant in making such repossession. In the absence of controversion we must assume, under section 1963 of the Code of Civil Procedure, that Vianelli was innocent of crime or wrong in the use of such tags and in seizing such car (subd. 1), and that the ordinary course of business was pursued by him in so doing (subd. 20); and we are of the opinion, in view of the fact that appellant must have possessed evidence as to whether or not Vianelli was acting for it in so doing, which evidence was not produced at the trial although appellant defended the action, that such suppressed evidence would have been adverse to it had it been in fact produced (subd. 5).

(2) Granting appellant's contention that Vianelli, being in possession of the car, had the right to use all force necessary to protect himself or his property, still we are of the opinion that considering all the evidence in the case the court was justified in concluding that his actions were not justified and that they constituted an assault.

(3) Appellant urges that the judgment is excessive. Mrs. Dooley testified that Vianelli hit her in the mouth, pinched her on the arms, tore her dress in front, that she

was dragged for about two blocks, with first one foot and then the other on the ground, before she could get back on the car, that Vianelli choked her while she was on the running-board, and that she was in bed a little over a week because thereof. Dr. Scott, who was called to see Mrs. Dooley the day of the accident, testified that she appeared to be suffering greatly from pains in the lower part of the spine and in the left knee; that the pain in the left knee apparently left between his visit on the 6th of October and his visit on the 10th, but that the pain in the spine persisted and that the patient still complained of it. The doctor gave osteopathic treatment to relax congested muscles and relieve the pain. He made seven visits to the home and Mrs. Dooley called at his office seventeen times. In addition, her testimony shows that she was still under treatment. The doctor described seven scratches on Mrs. Dooley's right arm above the elbow, and twenty-three scratches on the left arm between the elbow and wrist, as well as the imprint of fingers on the right forearm ''as if the four fingers had been compressed deeply there''. He further testified that there were ''black and blue spots on the left shoulder, a large discolored area, black and blue, on the lower part of the spine, over the left hip'', a ''decided mark across the front right leg between the knee and the ankle'' and ''a bruising of the lower lip on the right hand side''. There were many scratches on her forearms, and one about the middle of the back, four or five inches long, ''evidently where the dress had been torn'', which were apparently made by a young lady companion of Vianelli, who was trying to assist him in getting the car away from Mrs. Dooley.

We cannot say that under such evidence a judgment of $1250 is so grossly disproportionate to any reasonable compensation for the injuries sustained as to raise a presumption that it is based on prejudice or passion instead of sober judgment. Counsel for appellant cites as authority for the action desired the case of *Ware* v. *McPherson*, (Cal. App.) 293 Pac. 636. The opinion in that case does not appear in the bound volumes of the California Appellate Reports for the reason that on a hearing granted by the Supreme Court of such case the latter tribunal came to a different conclusion from that reached by the District Court

of Appeal (213 Cal. 120 [1 Pac. (2d) 433]). It is only fair to counsel to say, however, that the opinion last cited was handed down after appellant's brief was filed herein.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.