[Civ. No. 7738. Second Appellate District, Division One.—March 7, 1934.]

MARGARET A. DODD, Respondent, v. POSTAL TELE-GRAPH-CABLE COMPANY (a Corporation) et al., Appellants.

Joe Crider, Jr., for Appellants.

Newlin & Ashburn and Porter & Sutton for Respondent.

HOUSER, J.—On this appeal, in substance the appellants concede that through the negligence of the defendants, and without contributory negligence on the part of plaintiff, the latter sustained certain injuries for which she was entitled to a judgment for "some damages".

The first point presented by the appellants as affording a sufficient reason for an order by which the judgment would be reversed, to wit, that "the evidence establishing and demonstrating that plaintiff gave false testimony relating to the state of her mental and physical condition prior to the accident in question, and supporting the issue that her physical condition was purely mental and imaginary, and that she was a malingerer within the theory of the defense", goes merely to the effect either that the evidence introduced by the defendants largely preponderated over that presented by plaintiff, or that the latter evidence was insufficient to support the judgment. In that connection, an examination of the evidence introduced on the trial of the action merely leads to the inevitable conclusion that, as between the evidence offered by plaintiff and the defendants respectively, a conflict existed. In such circumstances, the rule is well established that if the verdict of the jury is supported by substantial evidence the ensuing judgment cannot be disturbed; and since the necessary foundational fact in that regard herein is clearly apparent, it follows that the point suggested by the appellants may not prevail.

It is next urged by the appellants that the trial court erred in giving to the jury the following instruction:

"The merits of the case of *Dodd* v. *Siegelman,* Number 114438 on the records of this court, are not before you for determination herein. You are to consider such evidence as has been received with respect to the said case solely for the purpose of determining the merits of plaintiff's claim in the present action, with respect to the injuries alleged by her to have been received in the accident mentioned in the complaint in the present action, and the disabilities alleged by her to have flowed or resulted therefrom."

The objection by the appellants to the foregoing instruction consists mainly in the assertion that by such instruction the trial court took from the consideration of the jury the force and effect of any and all evidence which related to the case to which reference was had in the instruction and

which bore upon the credibility which should attach to certain testimony given by plaintiff on the trial of the instant action. But liberally and properly considered, the criticised instruction will bear no such construction. If at all, it is only when its terms are subjected to close scrutiny or analysis that a construction thereof such as is suggested by the appellants becomes possible; and when other instructions which were given to the jury are considered, and which instructions related particularly to the credibility that should attach to the testimony that was given by the several witnesses, and of which credibility the jury was informed that it was the sole judge, it becomes obvious that the point presented by the appellants is without substantial merit.

The appellants also contend that the verdict of the jury was excessive and that for that reason the judgment should be reversed. By practically universal authority, the rule is established that "upon appeal, the decision of the trial court and jury on the subject cannot be set aside unless the verdict is 'so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice or corruption on the part of the jury' ". (*Hale* v. *San Bernardino V. T. Co.*, 156 Cal. 713, 715 [106 Pac. 83, 84]; *Lahti* v. *McMenamin*, 204 Cal. 415, 419 [268 Pac. 644], and authorities there respectively cited.) But neither "at the first blush", nor at all, does it appear that the verdict is "outrageously excessive". To the contrary, an examination of the record herein discloses the existence of ample evidence, if believed by the jury, upon which its verdict may legally rest.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.