[Civ. No. 9391. Second Appellate District, Division One.—March 12, 1934.]

WILLIAM L. SCHROEDER et al., Respondents, v. WALTER R. McCARGAR et al., Appellants.

Lon A. Brooks for Appellants.

C. Roy Smith for Respondents.

CONREY, P. J.—Appellants having filed their brief, containing a statement of their grounds of appeal, now come the respondents and move for dismissal of the appeal or affirmance of the judgment, upon the grounds that the appeal was taken for delay only, and that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. (Rule V, sec. 3.) We shall decide the motion upon consideration of the second ground only.

The injuries of which the plaintiffs complained were received as the result of a collision between an automobile driven by the plaintiff Schroeder, and another automobile driven by the defendant Self. Immediately preceding the collision the plaintiffs were traveling in a westerly direction on West Third Street in the city of Long Beach, and the defendants were going south on Daisy Avenue. The point of collision was at or near the west line of Daisy Avenue at some point between the north curb and the south curb of Third Street. The judgment was based upon findings that

appellant Self was negligent in the operation of the automobile driven by him, and that the plaintiffs were free of contributory negligence. Summarized, in their essential substance the contentions of appellants are that the evidence is insufficient to sustain a finding of negligence on the part of defendants; that the evidence establishes contributory negligence of the plaintiffs as a matter of law; and that the damages assessed in favor of plaintiff Smith are excessive.

We find no merit in the contention of appellants, "that negligence in the operation of defendants' automobile was not proved". Under this heading appellants say: "As we have pointed out heretofore, both of the plaintiffs testified that 'after their Viking automobile was in the intersection they observed the Oakland automobile of the defendants north of the north boundary of the intersection on their right'. If their testimony on the point may be believed, we concede that there would be then a conflict in the evidence." The credibility of witnesses is a subject for determination by the trial court, and its decision is final, except where the testimony has destroyed itself by its inherent improbability. But in this case there is no compelling proof of physical facts making it impossible for the court to have accepted and believed said testimony of the plaintiffs.

We find no substantial reason in favor of the contention that plaintiffs are chargeable with negligence contributing to the accident and injury, as a matter of law. Section 113 (b) 2 of the California Vehicle Act must be read in connection with section 113 (d). Under this last subdivision even if the plaintiffs did violate said subdivision (b) 2 of section 113, such violation did not constitute negligence as a matter of law, and the burden was "upon the opposing party to establish that the operation of such vehicle at such speed constituted negligence". Therefore, notwithstanding the uncontradicted evidence that the plaintiffs entered the intersection at a speed in excess of that allowed by law (assuming that this was the uncontradicted evidence) the court had a right to find, as it did find upon a consideration of all of the evidence relating to the issue, that the plaintiffs were not negligent in their entry into said intersection at the speed of twenty miles per hour. The other claims of appellants, on the subject of contributory negligence, are likewise without merit.

█ Again, it is contended that the award of $10,000 damages to the plaintiff Smith for the injuries received by her is excessive. There is evidence tending to show that the injuries received by the plaintiff Smith were the injuries which are described in the findings of the trial court. From such description of those injuries we may not properly say that the damages awarded "are so outrageously excessive as to suggest, at the first blush, passion or prejudice or corruption" on the part of the court. We are not warranted in saying that the sum of $10,000 could not have been given except under the influence of passion or prejudice. Therefore we should not interfere on the ground of excessive damages. (*Hale* v. *San Bernardino Valley Traction Co.*, 156 Cal. 713, 715 [106 Pac. 83]; *Lahti* v. *McMenamin*, 204 Cal. 415, 419 [268 Pac. 644].)

█ In opposition to the present motion it has been suggested by counsel for appellants that the present motion should be denied for the reason that, at all events, the questions presented by their brief are of such substance and importance that they take the case out of the operation of Rule V, section 3. In this respect it is perhaps a borderline case. Nevertheless it is a case which does not call for any new statement of the law on any disputed legal question; and it is a case wherein, as we think, the fact that the appeal is without merit should have been known to appellants, and is exhibited to the court by an inspection of appellants' brief alone, "without further argument".

The motion is granted, and the judgment is affirmed.

Houser, J., and York, J., concurred.