[Civ. No. 20513.   Second Dist., Div. Two.   Mar. 1, 1955.]

RICHARD A. LOVETT, Appellant, v. JACK DINTZER, Respondent.

Paul E. Gervais and Toxey H. Smith for Appellant.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Respondent.

McCOMB, J.—From an order granting a motion for a new trial in an action to recover damages for personal injuries resulting from the alleged negligence of defendant, plaintiff appeals.

*Facts:* Defendant was the owner of a building known as the Senate Hotel, in which one of the apartments was leased to plaintiff. On February 7, 1953, having occasion to leave the hotel, plaintiff went out the rear exit and as he opened the screen door onto the porch he heard a noise and looked up and saw bricks falling. He lost his balance and tried to move out of the way but fell over a railing to the ground 15 feet below and received personal injuries. The jury returned a verdict in favor of plaintiff in the sum of $14,000.

Defendant filed a notice of intention to move for a new trial upon the ground, among others, that the jury had awarded excessive damages under the influence of passion and prejudice. The minute order of the trial court granting the motion for new trial read: "Motion for a New Trial is granted upon the following grounds, to wit: Errors of law in instructing the jury and in refusing to give instructions requested by defendant."

*The sole question necessary for us to determine is whether the trial court erred in granting the motion for a new trial.*

This question must be answered in the negative and is governed by these rules:

(1) An order granting a motion for a new trial will be affirmed if it can be sustained upon any ground stated in the notice of intention to move for a new trial. (*Parks* v. *Dexter*, 100 Cal.App.2d 521, 524 [2] [224 P.2d 121].)

(2) When a motion for a new trial is granted on errors of law, even if the order specifies the ground upon which it is granted, an appellate court is not limited to a consideration of the ground stated in the order but will consider any ground stated in the notice of intention to move for a new trial. (*Scott* v. *Renz*, 67 Cal.App.2d 428, 432 [6] [154 P.2d 738]; *Gray* v. *Robinson*, 33 Cal.App.2d 177, 180 [1] [91 P.2d 194]; *Kauffman* v. *Maier*, 94 Cal. 269, 276 [29 P. 481, 18 L.R.A. 124].)

(3) Where a new trial is granted on the ground of excessive damages it need not be so specified in the order granting the motion. (*Gardner* v. *American Brake Shoe & Foundry Co.*, 24 Cal.2d 686, 690 et seq. [151 P.2d 122].)

Applying the foregoing rules to the present case it appears that the trial court's order is supported upon the ground that the jury's verdict was excessive in awarding plaintiff's $14,000 damages.

Plaintiff testified by a deposition taken in Massachusetts that he had no recollection of being struck by any bricks;

that he fell mainly on his back and left elbow; that he received some bruises and that they were not serious; that there was no injury to his back and that the injury was confined primarily to his left elbow. He further testified that his left arm had previously been injured in 1948, when he received a fracture of both bones of his left forearm and that thereafter he was inducted into military service and received a bullet wound in the left forearm. He testified that he was stunned by the fall; that he picked himself up and did not realize his arm was broken until he was up off the ground; that he walked into the hotel, told what had happened and an ambulance was called which took him to St. Joseph's Hospital; that he was anesthetized and when he came to, he had a cast on his arm; that he was in the hospital for six days and that within a week or a week and a half after the accident he went to Massachusetts; that his hospital bill was $155 and the doctors' bills were $480; that in the latter part of June, 1953, he took a part time job with a roofing company, laying tar papers on roofs, and in September of the same year he went to work as a silver brazer and since then has been transferred to the Sommerville plant where he is cutting channels for Raytheon, operating a cutting machine, cutting aluminum, a machine that is hand operated. He further testified that in February, 1953, at the time of the injury, he was an employee of Lockheed, making approximately $60 or $65 a week. In addition he testified he does not now have full use of his left arm, although before the fall he did. He explained that in stating he does not have full use, he meant the strength is not there in the hand as it was before the accident and the elbow does not straighten all the way.

An X-ray of his arm disclosed that a plate had been placed in it at a previous time as a result of a prior fracture. A doctor testified that he had examined plaintiff and that in his opinion he had a 10 per cent loss of function in his left elbow and that this loss of function could be due to any one of the first three injuries or a combination of them, referring to the fracture of both bones of the forearm and the gunshot wound later received and the injury to his left elbow received in 1953.

In an action of this type the amount of damages is committed to the sound discretion of the jury in the first instance, and next to the discretion of the trial judge who, in ruling upon the motion for a new trial may consider the

evidence anew, determine anew the facts and set aside the verdict if it is not just. (*Hale* v. *San Bernardino etc. Co.,* 156 Cal. 713, 715 [106 P. 83]; *Lahti* v. *McMenamin,* 204 Cal. 415, 419 [268 P. 644].)

From the foregoing testimony it is clear that the trial judge's order can be supported upon the ground that the damages were excessive.

In view of our conclusions it is unnecessary to discuss other questions argued by counsel. (*Harp* v. *Pease,* 52 Cal.App. 744, 746 [199 P. 863]; *Leach* v. *Klein,* 42 Cal.App. 435, 439 [183 P. 703].)

Affirmed.

Moore, P. J., and Fox, J., concurred.