(October 1, 1926.)

## ED. SULLIVAN, Respondent, v. IDAHO WHOLESALE COMPANY, INC., a Corporation, Appellant.

[249 Pac. 895.]

STATUTE OF FRAUDS—EXCEPTION FROM—CORPORATIONS—AUTHORITY OF OFFICER TO ISSUE CHECK—CORPORATION BOUND BY OFFICER'S ACT.

1. Defendant's promise to pay rent due plaintiff by another, in consideration of plaintiff's desisting from suing tenant and attaching goods in his store, for some of which he owed defendant, and which defendant thereupon removed from the store, was excepted from the statute of frauds (C. S., sec. 7976), as an

original obligation, within section 7977, subd. **3**, being on a consideration beneficial to defendant.

2. Evidence *held* sufficient to establish that corporation's office manager and credit-man had authority to draw and issue its check, in absence of president, especially in view of its failure to call officers to testify to contrary.

3. Where party deals with corporation in good faith, unaware of any defect of authority or other irregularity on part of those acting for it, with apparent authority, in issuing check, for which he releases and discharges another, to its direct benefit, it is bound.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. A. H. Featherstone, Judge.

Action for debt. Judgment for plaintiff. *Affirmed.*

H. J. Hull, for Appellant.

The agreement, if any there was, of the appellant to pay Newton's debt was a promise to answer for the debt, default or miscarriage of another and some note or memorandum thereof, signed by appellant, was necessary to its validity. (C. S., sec. 7976; *Kerr v. Finch*, 25 Ida. 32, 135 Pac. 1165; *Houser v. Hobart*, 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410.)

The agreement, if any there was, was a collateral agreement and within the statute of frauds. (C. S., sec. 7977; *Frohardt Bros. v. Duff*, 156 Iowa, 144, Ann. Cas. 1915B, 254, 135 N. W. 609, 40 L. R. A., N. S., 242.)

---

Publisher's Note.

1. See 25 R. C. L. 511.

3. Necessity for writing to prove agent's authority to enter into contract to answer for the debt of another, see note in 27 A. L. R. 621. See, also, 7 R. C. L. 623.

See Corporations, 14a C. J., sec. 2257, p. 408, n. 24; sec. 2310, p. 452, n. 90; p. 454, n. 12.

Evidence, 22 C. J., sec. 56, p. 115, n. 85, 86; p. 116, n. 87, 90; p. 118, n. 1.

Frauds, statute of, 27 C. J., sec. 31, p. 147, n. 99.

The note or memorandum required by C. S., sec. 7976, must show the terms of the agreement on its face without the aid of extrinsic evidence.   The check was not a sufficient memorandum to satisfy the statute.   (*Houser v. Hobart, supra; Blumauer-Frank Drug Co. v. Young,* 30 Ida. 501, 167. Pac. 21; *Seder v. Grand Lodge A. O. U. W. of North Dakota,* 35 Ida. 277, 206 Pac. 1052.)

The memorandum required, if not sufficient to satisfy the statute, is inadmissible in evidence.   Extrinsic evidence in aid of it is inadmissible.   (*Kerr v. Finch, supra; Houser v. Hobart, supra.*)

A corporation, in the absence of an estoppel or ratification, is not bound by the acts of its agents or employees performed in excess of their apparent authority.   (2 C. J. 468; *T. W. & L. O. Naylor Co. v. Bowman,* 39 Ida. 764, 230 Pac. 347; *Cleveland C. C. & St. L. v. Shea,* 174 Ind. 303, 91 N. E. 1081.)

John L. Fitzgerald, for Respondent.

Failure to call material witnesses was a circumstance which the jury might consider mitigating against defendant's contentions.   (*Indiana Union Traction Co. v. Scribner,* 47 Ind. App. 621, 93 N. E. 1014; *Tegels v. Great N. Ry. Co.,* 120 Minn. 31, 138 N. W. 945; *Bryant v. Lazarus,* 235 Mo. 606, 139 S. W. 558; *Shoudy v. Reeser,* 48 Mont. 579, 142 Pac. 205; *Fonda v. St. Paul City Ry. Co.,* 71 Minn. 438, 70 Am. St. 341, 74 N. W. 166; *Federal Trust Co. v. Allen,* 110 Kan. 484, 204 Pac. 747.)

Where the instructions are not brought up, it will be conclusively presumed that the court properly instructed the jury; and the verdict will not be disturbed.   (*Wright v. Stewart,* 32 Ida. 490, 185 Pac. 69; *McLeod v. Rogers,* 28 Ida. 412, 154 Pac. 970; *Gumaer v. White Pine Lumber Co.,* 11 Ida. 591, 83 Pac. 771; *Hopkins v. Utah Northern R. Co.,* 2 Ida. 277, 300, 13 Pac. 343; *Johnson v. Johnson,* 85 Wash. 18, 147. Pac. 649.)

The agreement was binding upon the defendant if Emanuelson had apparent authority to enter into it for the de-

fendant. (*Hammitt v. Virginia Mining Co.*, 32 Ida. 245, 181 Pac. 336; *Brace v. Northern Pacific Ry. Co.*, 63 Wash. 417, 115 Pac. 841; 38 L. R. A., N. S., 1135.)

The act of the defendant's agent Emanuelson was binding upon it, even though he had exceeded his authority, because the defendant took advantage of it by retaining its benefits, and failed to place plaintiff *in statu quo*. (*Pettingill v. Blackman*, 30 Ida. 241, 164 Pac. 358; *Blackwell v. Kercheval*, 27 Ida. 537, 149 Pac. 1060; *Rowley v. Stack-Gibbs Lbr. Co.*, 19 Ida. 107, 112 Pac. 1041; *Valley Lbr. Co. v. McGilvery*, 16 Ida. 338, 101 Pac. 94; *T. W. & L. O. Naylor Co. v. Bowman*, 39 Ida. 764, 230 Pac. 347; *First National Bank of Wallace v. Callahan Min. Co.*, 28 Ida. 627, 155 Pac. 673.)

The agreement is valid although not in writing because Newton was thereby discharged from his obligation, plaintiff accepting defendant's promise as a substitute therefor. (C. S., sec. 7977, subd. 3; *McCallum v. McClarren*, 15 Ida. 374, 98 Pac. 200.)

The forbearance to sue and attach is a sufficient consideration within the meaning of the statute. (*Jonesboro Hardware Co. v. Western Tie & Timber Co.*, 134 Ark. 543, 204 S. W. 418; *Frohardt Bros. v. Duff*, 156 Iowa, 144, Ann. Cas. 1915B, 254, 135 N. W. 609, 40 L. R. A., N. S., 242; *Grant v. Alfalfa Lumber Co.* (Tex. Civ. App.), 177 S. W. 536.)

Plaintiff's forbearance to sue and attach was beneficial to the defendant within the meaning of the statute. (*Lerch v. Gallop*, 67 Cal. 595, 8 Pac. 322; *Burr v. Cross*, 3 Cal. App. 414, 86 Pac. 824; *Fairchild v. Cartwright*, 39 Cal. App. 118, 178 Pac. 333; *McCormick v. Johnson*, 31 Mont. 266, 78 Pac. 500; *Carlson v. Barker*, 36 Mont. 486, 93 Pac. 646; *Fisk v. Reser*, 19 Colo. 88, 34 Pac. 572; *Emerson v. Slater*, 22 How. 28, 16 L. ed. 360; *Davis v. Patrick*, 141 U. S. 479, 12 Sup. Ct. 58, 35 L. ed. 826; *Moore v. McHaney*, 191 Mo. App. 686, 178 S. W. 258.)

BUDGE, J.—One Newton was indebted to respondent in the sum of $85 for rent for a certain store building located in the city of Wallace, and respondent was about to institute

suit to recover the amount due and to attach the goods, wares and merchandise located in the store building and in Newton's possession, including certain merchandise theretofore sold by appellant to Newton.

Newton called up the office of appellant by telephone and communicated the facts above stated to one Emanuelson, who was the office manager and credit-man of appellant company. The president of appellant company was out of the city at the time and was not communicated with. Emanuelson, in the absence of the president, discussed Newton's situation with the company's auditor, a Mr. Davis and a Mr. Allen, its secretary, and a unanimous agreement was reached among them that the $85 be advanced by appellant company to pay the indebtedness due from Newton to respondent. Thereupon Emanuelson got in communication with the attorney for respondent by telephone and requested him not to institute the contemplated attachment proceedings and stated that if he would refrain from doing so the company's check in the amount of $85, due respondent for rent from Newton, would be delivered to the attorney. To this the latter agreed and later in the afternoon of the same day Emanuelson went to the office of the attorney for respondent and delivered to him a check for $85, in full payment of the rent due from Newton to respondent. The check was on the following morning deposited in the First National Bank of Wallace and by that bank in due course presented for payment to the Wallace Bank & Trust Company, where payment was refused in compliance with directions given to the last-named bank by the president of appellant company.

Further, there is evidence in the record to show that on the evening of the same day that the agreement heretofore recited was entered into by Mr. Emanuelson on behalf of appellant and Mr. Fitzgerald on behalf of respondent, appellant company, through its employees, removed from the Newton store goods to the value of approximately $100, or more than enough to satisfy respondent's claim, and that other creditors removed goods they had sold to Newton.

This action was thereafter commenced by respondent against appellant to recover the $85. The case was tried to the court and a jury and resulted in a verdict in favor of respondent for the amount alleged to be due. This appeal is from the judgment.

Appellant seeks to reverse the judgment of the court below upon two principal grounds:

1. That the agreement to pay the amount due from Newton to respondent is within the statute of frauds, there being no note or memorandum thereof in writing and subscribed by the party charged or by its agent, and that evidence of the agreement cannot be received, and that the agreement is invalid under the provisions of C. S., sec. 7976.

2. That if the agreement does not fall within the provisions of C. S., sec. 7976, appellant is not bound thereby, for the reason that its agent had no authority to draw or deliver the check in payment of the indebtedness due from Newton to respondent.

[1] Respondent contends that his right to recover falls within subdivision 3 of C. S., sec. 7977, and particularly the last clause of subdivision 3, providing substantially that where the promise, being for an antecedent obligation of another, is upon a consideration beneficial to the promisor, the promise need not be in writing but is deemed to be an original obligation of the promisor, who becomes primarily liable. If, therefore, appellant was directly benefited by reason of the promise to pay Newton's debt to respondent, the consideration moving either from respondent or Newton, or from any other person, it became liable, which liability is fixed by the provisions of the statute last above cited, and there is no merit in appellant's contention that the agreement falls within the provisions of C. S., sec. 7976, provided, of course, that the check in payment of the debt was drawn and delivered by one who had authority so to do.

Forbearance to sue and attach was a sufficient consideration moving to appellant to support the promise to pay Newton's debt, and, as clearly appears from the record, was beneficial to appellant in this, that appellant's employees,

under its direction, entered the store of Newton and removed therefrom merchandise of a value in excess of the amount of the claim of respondent, which merchandise otherwise would have been subject to attachment. Appellant's promise to pay resulted in respondent's forbearance to bring the suit and attach the property in Newton's possession and afforded appellant an opportunity of which it took advantage to seize certain of the goods in Newton's store. It would be an anomaly for this court to hold that a promisee could not recover where, by reason of the promise, the promisor directly benefited and the promisee was left without a remedy to recover upon his indebtedness.

[2] Coming now to the second point, there is sufficient competent evidence in the record to establish the fact that, in the absence of the president of the company, Emanuelson had authority to draw and deliver the check. Emanuelson testified upon cross-examination as follows:

"Q. Did you ever write checks before?" "A. Yes."

"Q. At the same time?" "A. Yes, sir."

The president of appellant company testified that the check as drawn would have gone through and been paid in regular course had he not ordered that payment be stopped. While it is true that he also testified that Emanuelson had no authority as an officer of the company to draw a check against its funds, the jury concluded otherwise, and since the instructions are not here for review it will be presumed that they correctly advised the jury as to the law. In this connection it may be observed that neither the auditor, who signed the check for the president, nor the secretary of the company were called as witnesses to refute the authority of Emanuelson to draw checks, and, as stated, the record shows that Emanuelson had theretofore and at the same time this check was given, drawn other checks upon the company's funds.

"Where a party has it within his power to produce witnesses, presumably favorably disposed toward him, to explain a transaction or answer a controverted question, his failure so to do, unless satisfactorily explained, justifies an inference

that the testimony, if produced, would be unfavorable to his side of the controversy.'' (*Federal Trust Co. v. Allen*, 110 Kan. 484, 204 Pac. 747.)

[3]    Where a party deals with a corporation in good faith and he is unaware of any defect of authority or other irregularity on the part of those acting for the corporation, the corporation is bound. (*Pettengill v. Blackman*, 30 Ida. 241, 164 Pac. 358.)

The check was given by an agent of the corporation having apparent authority to issue checks against its funds, and was accepted in good faith by the attorney for respondent in payment of Newton's debt, and the latter was released and discharged. Under such circumstances it would be a gross injustice to hold that such promise is without any binding force or effect, particularly in view of the fact that a direct benefit flowed to appellant and in the face of the finding of the jury that Emanuelson was not without authority to issue the check.

The judgment should be affirmed, and it is so ordered. Costs awarded to respondent.

Wm. E. Lee, C. J., and Givens, J., concur.

Taylor, J., and McNaughton, D. J., dissent.